# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) ) Plaintiffs, ) ) v. ) ) MARK CERECEDA, D.C., ) MARIA CRISTINA CRESPO-SMITH, M.D., ) NESTOR JAVECH, M.D., ) ROBERTO MOYA, M.D., ) ROY CANIZARES, D.C., ) EDGAR FACUSEH, D.C., ) PATRICK FENELUS, D.C., ) THOMAS HABAN, D.C., ) KARIM HABAYEB, D.C., ) JOHN ROSS, D.C., ) MICHAEL SCHULMAN, D.C., ) RICHARD YOHAM, D.C., ) CEDA ORTHOPEDIC GROUP, LLC, ) CEDA ORTHOPEDICS & INTERVENTIONAL ) MEDICINE OF CUTLER BAY, LLC, ) CEDA ORTHOPEDICS & INTERVENTIONAL ) MEDICINE OF DOWNTOWN/LITTLE HAVANA, ) L.L.C., ) CEDA ORTHOPEDICS & INTERVENTIONAL ) MEDICINE OF F.I.U/KENDALL, L.L.C., ) CEDA ORTHOPEDICS & INTERVENTIONAL ) MEDICINE OF HIALEAH, L.L.C., ) CEDA ORTHOPEDICS & INTERVENTIONAL ) MEDICINE OF SOUTH MIAMI, L.L.C., ) PHYSICIANS CENTRAL BUSINESS OFFICE, ) L.L.C., and ) SPRINGS CROSSING IMAGING, L.L.C., ) ) Defendants. ) | Case No. 19-cv-22487-UU |

## PLAINTIFFS' EXPEDITED MOTION FOR ALL WRITS ACT
## INJUNCTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs State Farm Mutual Automobile Insurance Company ("SFM") and State Farm Fire and Casualty Company ("SFF") respectfully submit this Expedited Motion for All Writs Act Injunction and Memorandum of Law in Support ("Motion") pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651. This Motion seeks an order prohibiting all Defendants[1] from filing any new suits or commencing any proceedings against SFM, SFF, or their insureds related to the provision of health care services that are the subject of this action (the "Federal Action").

As described more fully below in the accompanying Memorandum of Law, given Defendants' litigious nature, the severe and irreparable prejudice SFM and SFF are likely to suffer due to the commencement of hundreds, and potentially thousands, of new lawsuits in state court, and consideration of the parties' ability to timely brief and argue the Motion, SFM and SFF respectfully request that this Court provide an expedited ruling on the instant Motion by July 12, 2019.

**I.   INTRODUCTION**

The Federal Action concerns a scheme whereby Defendants fraudulently obtained more than $4 million in personal injury protection and medical payment coverage benefits

---

[1] Mark Cereceda, D.C., Maria Cristina Crespo-Smith, M.D., Nestor Javech, M.D., Roberto Moya, M.D., Roy Canizares, D.C., Edgar Facuseh, D.C., Patrick Fenelus, D.C. ("Fenelus"), Thomas Haban, D.C., Karim Habayeb, D.C., John Ross, D.C., Michael Schulman, D.C., Richard Yoham, D.C., Ceda Orthopedic Group, LLC ("Ceda Ortho Group"), Ceda Orthopedics & Interventional Medicine of Cutler Bay, LLC ("Ceda Ortho Cutler Bay"), Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C. ("Ceda Ortho Downtown"), Ceda Orthopedics & Interventional Medicine of F.I.U/Kendall, L.L.C. ("Ceda Ortho FIU"), Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C. ("Ceda Ortho Hialeah"), Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C. ("Ceda Ortho South Miami"), Physicians Central Business Office, L.L.C., and Springs Crossing Imaging, L.L.C. ("Springs Crossing MRI") are collectively referred to herein as "Defendants."

(collectively, "No-Fault Benefits") from SFM and SFF.  Defendants are a group of Miami-area medical clinics that purport to examine and provide chiropractic, physical therapy, and diagnostic imaging services, their owner, treating providers, and the clinics' billing entity. Defendants' scheme involves the preparation and submission of thousands of bills and supporting documentation for services purportedly provided to patients involved in automobile accidents and eligible for No-Fault Benefits under SFM and SFF insurance policies.  In fact, those services were not medically necessary or lawfully rendered under Florida law, if they were provided at all.

Defendants know they face better odds of recovering for the fraudulent and unlawful services when each bill is viewed in isolation.  Thus, when SFM and SFF deny or otherwise do not fully pay bills involving services purportedly rendered, Defendants routinely submit demands ("PIP Demands") and file lawsuits ("PIP Suits") against SFM and SFF in Florida state courts, often over a single bill for a single date of service.  Hundreds, and potentially thousands, of new PIP suits will continue to be filed in courts across Florida during the pendency of the Federal Action if Defendants are not enjoined from doing so.  To date, Defendants have over 500 PIP Demands currently pending and more than 200 PIP Suits are presently pending in Florida state courts against SFM and SFF.  The subject of Defendants' PIP Demands and pending PIP Suits are the unpaid and allegedly underpaid claims for services purportedly rendered by Ceda Ortho Group, the Cereceda Clinics[2], and/or Springs Crossing MRI.

The Complaint in this case, however, places *all* Defendants' bills, including any bills that have not been paid or that Defendants allege were underpaid, at issue.  Indeed, the Complaint not only alleges Defendants defrauded SFM and SFF out of several millions of dollars through the

---

[2] The "Cereceda Clinics" are defined herein to include Ceda Ortho Cutler Bay, Ceda Ortho Downtown, Ceda Ortho Hialeah, and Ceda Ortho South Miami.

submission of bills and documentation for unlawful and medically unnecessary services but also brings a claim for declaratory relief that any unpaid or allegedly underpaid bills are not owed for these same reasons.  Specifically, the Complaint alleges all the bills Defendants submitted to SFM and SFF were unlawful and not compensable because Ceda Ortho Group, the Cereceda Clinics, and/or Springs Crossing MRI are not licensed in accordance with Florida law and do not qualify for an exemption to the licensure requirements.  The Complaint also alleges these services were provided pursuant to a predetermined treatment protocol designed to exploit the amount of No-Fault Benefits Defendants could obtain from SFM and SFF, not because such services were medically necessary to address patients' unique needs.  Accordingly, given the subject matter of the Complaint and the nature of the relief sought, a decision in SFM and SFF's favor in the Federal Action will eliminate Defendants' ability to recover for any unpaid or allegedly underpaid claims in PIP Suits, thereby removing the need for those issues to be tried in separate proceedings.

Accordingly, this Court should enjoin Defendants from filing PIP Suits or commencing any proceeding related to services purportedly rendered by Ceda Ortho Group, the Cereceda Clinics, and/or Springs Crossing MRI against SFM and SFF or their insureds during the pendency of the Federal Action.  These claims should be resolved in the Federal Action because this Court is uniquely situated to efficiently address these matters collectively in one action, at one time.  This Court will have the full benefit of evaluating all the lay and expert testimony and documentary evidence associated with nearly 800 claims at issue.  Trying these issues in a single proceeding will maximize judicial economy, reduce the amount of time, effort, and expense incurred by witnesses, other courts, and the parties, and potentially eliminate the need to litigate hundreds if not thousands of individual disputes before multiple Florida courts.

In addition, enjoining Defendants from filing new PIP Suits in various Florida state courts will help prevent inconsistent rulings that may dilute federal jurisdiction or otherwise interfere with this Court's ability to control the Federal Action. At the same time, Defendants will have the opportunity in a single proceeding to demonstrate the compensability of all outstanding bills. Moreover, even if the Federal Action did not resolve all Defendants' claims for No-Fault Benefits, the Court could lift the injunction at the conclusion of these proceedings and Defendants would be free to seek to resolve any remaining disputes they have with SFM and SFF.

Under the All Writs Act, federal courts have broad authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. An All Writs Act injunction is necessary to aid the jurisdiction of this Court to resolve all matters related to Defendants' claims for No-Fault Benefits, including the Complaint's request for a declaratory judgment that Defendants' claims for unlawful and fraudulent services are not owed, and avoid the fragmentation that could result in disparate determinations by different courts. For all of these reasons, this Court should grant the Motion.

## II.    STATEMENT OF FACTS

SFM and SFF brought the Federal Action to recover money Defendants fraudulently obtained through their submission of thousands of bills and supporting documentation for services that were not lawfully rendered or medically necessary, but were purportedly provided to patients involved in automobile accidents and eligible for No-Fault Benefits under SFM and SFF insurance policies. *See generally* ECF No. 1. Defendants purportedly provided chiropractic, physical therapy, and diagnostic imaging services to SFM and SFF insureds and sought reimbursement for those goods and services directly from SFM and SFF. *Id.*

SFM and SFF assert the bills and supporting documentation Defendants submitted associated with nearly 800 claims at issue are fraudulent and noncompensable because they were for unlawfully rendered and medically unnecessary services.  Compl. ¶¶ 4, 6.  All the bills Defendants submitted to SFM and SFF were unlawful and not compensable because Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI are not licensed pursuant to Florida's Health Care Clinic Act, Fla. Stat. § 400.9905 et seq. ("HCCA"), and do not qualify for an exemption from the licensure requirements of the HCCA.  *See* Fla. Stat. §§ 400.9905(4)(g), 400.9935(3), 627.732(11), 627.736(5)(b)(1)(b)-(c), and 627.736(5)(h)(3).

Specifically, Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI did not obtain a license to establish and operate a clinic pursuant to the HCCA.  *Id.*  Instead, Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI obtained an exemption from licensure from Florida's Agency for Health Care Administration by attesting that Cereceda wholly owns Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI, supervises their business activities, and was legally responsible for their compliance with all federal and state laws.  *Id.*  Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI did not qualify for the HCCA license exemption, however, because Cereceda has not fulfilled his statutory duties to supervise the business activities of Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI and ensure that these clinics comply with all federal and state laws, including Fla. Stat. § 627.736 et seq. (the "PIP Law").  *Id.*  Thus, Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI submitted, or caused to be submitted, bills to SFM and SFF that falsely represented such bills were for lawfully rendered services, and eligible to collect No-Fault Benefits when in fact they were not.  *Id.*

Moreover, Defendants' fraudulent scheme subjected patients to services that are performed pursuant to a predetermined treatment protocol ("Predetermined Protocol"), which is designed and carried out to enrich Defendants by exploiting their patients' No-Fault Benefits, not because such services are medically necessary. Compl. ¶ 4. The Predetermined Protocol includes: (a) failing to legitimately examine patients to determine the true nature and extent of their injuries; (b) documenting a litany of diagnoses for each patient, most often exceeding ten or more diagnoses per patient, including sprains and strains and nerve root lesions for nearly every patient to justify a predetermined course of care; (c) falsely documenting nearly all patients sustained an emergency medical condition as a result of their auto accident; (d) providing medically unnecessary goods (*e.g.*, cold packs, creams) to nearly all patients; (e) implementing the same treatment plan for patients, and purporting to provide six or more modalities on nearly all visits; (f) ordering medically unnecessary x-rays, MRIs, and/or CT scans to (i) support the purported need for the Predetermined Protocol and the existence of conditions that could support the patients' bodily injury claims and uninsured motorist claims and (ii) allow Defendants to submit additional charges when those x-rays, MRIs, and CT scans were purportedly performed at the Cereceda Clinics and/or Springs Crossing MRI; (g) continuing to purportedly treat patients until the patients unilaterally stop the treatment, or their No-Fault Benefits are exhausted or substantially reduced; (h) submitting documents to SFM and SFF falsely representing the services provided to the patients were medically necessary and lawfully rendered; and (i) performing final examinations in which nearly every patient reportedly suffers from permanent impairments, despite purportedly receiving the extensive battery of services in the Predetermined Protocol. *Id.*

Defendants' fraudulent scheme began at least as early as June 2015 and has continued uninterrupted since that time. Because of the scheme, SFM and SFF have incurred actual damages of at least $4 million in No-Fault Benefits paid to Defendants. Compl. ¶ 7. The Complaint asserts affirmative claims for fraud, unjust enrichment, civil conspiracy, aiding and abetting fraud, and a statutory claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUTPA"), to redress injuries suffered by SFM and SFF, and for declaratory relief pursuant to 28 U.S.C. § 2201 that SFM and SFF are not liable for any pending charges Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI have submitted to SFM and SFF, based upon the conduct described in this Motion and throughout the Complaint. Compl. ¶¶ 8-9.

As discussed in the Complaint, SFM and SFF are required to pay or deny claims for No-Fault Benefits within 30 days, and may be ordered to pay interest and attorneys' fees if they fail to pay the full amount owed within that period. *See* Fla. Stat. § 627.736(4)(b) and (d). Compl. ¶ 39. When SFM and SFF deny or otherwise do not fully pay Defendants' bills, Defendants routinely submit PIP Demands and file PIP Suits against SFM and SFF, often over a single bill for a single date of service. Thus, Defendants' scheme capitalizes on SFM and SFF's obligations under the PIP Law and the Florida No-Fault claims environment. Compl. ¶ 138.

Accordingly, in addition to the many hundreds of currently pending PIP Demands and PIP Suits, Defendants are likely to serve new PIP Demands and file new PIP Suits against SFM and SFF (or possibly their insureds) during the pendency of the Federal Action, to recover additional sums based upon claims alleged to be fraudulent and unlawful in the Complaint, even though all such bills are already at issue in the Federal Action, As discussed next, this Court should enjoin Defendants from doing so.

### III. LEGAL STANDARD

The All Writs Act enables a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Indeed, "[a] court may grant a writ under this act whenever it is calculated in [the court's] sound judgment to achieve the ends of justice entrusted to it, and not only when it is necessary in the sense that the court could not otherwise physically discharge its . . . duties." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (citing *Adams v. United States*, 317 U.S. 269, 273 (1942) (internal quotations omitted). This Court is vested with the power to issue an injunction to protect "not only ongoing proceedings, but potential future proceedings, as well as already-issue[d] orders and judgments." *Burr & Forman v. Blair*, 470 F.3d 1019, 1026 (11th Cir. 2006); *see also Klay*, 376 F.3d at 1100 (noting the federal court's inherent authority to issue an injunction pursuant to the All Writs Act).

Importantly, when deciding whether to grant a plaintiff's request for an All Writs Act injunction, a federal court "does not review the four factors required for a traditional injunction." *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1324 (S.D. Fla. 2008). In fact, "[t]he requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the [All Writs Act], is grounded in entirely separate concerns." *Klay*, 376 F.3d at 1100. A plaintiff "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.*

### IV. ARGUMENT

Pursuant to the All Writs Act, this Court should enjoin Defendants from filing any new PIP Suits or commencing any proceedings against SFM and SFF or their insureds related to the

provision of health care services purportedly provided by Ceda Ortho Group, the Cereceda Clinics, and/or Springs Crossing MRI to SFM and SFF insureds. *See, e.g.*, *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (granting motion for All Writs Act injunction against a party who brought multiple actions against the same party in multiple forums); *TracFone Wireless Inc. v. Simply Wireless, Inc.*, 2017 WL 5202749, at *3 (S.D. Fla. Aug. 10, 2017) (granting motion for All Writs Act injunction to protect the court's jurisdiction); *Liberty*, 534 F. Supp. 2d at 1324 (same). Indeed, as described in more detail immediately below, the grant of an All Writs Act injunction is necessary to aid in this Court's jurisdiction over the Federal Action.

In the absence of an injunction, Defendants could utilize piecemeal litigation over each unpaid or allegedly underpaid bill as a tool to advance their scheme's goal of collecting No-Fault Benefits on fraudulent and unlawful claims, even though these claims are already at issue in the Federal Action.[3] Given Defendants' significant claims activity and their pattern of filing PIP Suits over allegedly underpaid and unpaid bills, SFM and SFF expect that, absent an injunction, Defendants will continue to aggressively pursue payment of No-Fault Benefits by filing hundreds if not thousands of PIP Suits in Florida courts. These litigation tactics will burden numerous courts with disparate litigation, and likely result in a significant and unnecessary waste of judicial resources because the compensability of these bills is already pending before this Court.

Indeed, Defendants' expected pursuit in separate forums of claims already at issue in the Federal Action would thwart this Court's jurisdiction over hundreds of claims reflected on

---

[3] SFM and SFF would be compelled to defend any litigation in state court, which could result in significant costs and attorneys' fees. Thus, a party could utilize piecemeal litigation in state court to exert undue pressure on SFM and SFF in the Federal Action. An injunction would serve to prevent such gamesmanship.

Exhibit 1 to the Complaint, including the declaratory judgment claims against Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI, resulting in a significant and unneeded waste of judicial resources. Indeed, the very purpose of SFM and SFF's declaratory judgment claims is to avoid a multiplicity of actions and piecemeal litigation. By extension, the failure to enjoin Defendants' from filing new PIP Suits during the pendency of the Federal Action would "destroy the utility of the [declaratory judgment procedure] otherwise ideally suited to resolve such broad claims." *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 337 (2d Cir. 1985).

As noted above, the Complaint alleges Defendants systematically provided services pursuant to the Predetermined Protocol without regard to the clinical needs of the patient, to maximize reimbursements of No-Fault Benefits while minimizing the possibility of detecting the fraud in any individual claim. The fraud is not apparent if the claims and their supporting documentation are examined in isolation on a case-by-case basis. In other words, facially legitimate services may be provided with little variance across multiple patients, but it is only by analyzing the claims as a whole that the inference arises that services were not provided because of patients' unique needs and circumstances. *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 2010 WL 11475709, at *6-7 (M.D. Fla. May 24, 2010) (holding the plaintiffs proved fraud based upon evidence that 957 patients were subjected to an identical treatment protocol with little deviation). Because it is only through this tapestry of facts the alleged fraud comes into focus, SFM and SFF will not have a fair opportunity to present their case in an individual PIP Suit because they cannot direct the trier of fact to *all* the claims at issue here. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 68 F.Supp.3d 744 (E.D. Mich. 2014) ("In fact, State Farm suggests, this court is the only appropriate forum for

these claims because when litigated individually at the state court level, the relevant pattern of fraudulent behavior cannot be examined").

If Defendants were allowed to file hundreds (or potentially thousands) of PIP suits on individual bills, it would prevent, among other things, collective consideration of the patterns in treatment and documentation across the nearly 800 claims at issue – claims SFM and SFF have alleged are fraudulent and could otherwise be addressed in this case.  Given the inherent evidentiary limitations associated with litigating a breach of contract action over a single claim in state court, SFM and SFF would be forced to pay numerous, allegedly fraudulent claims already at issue in the Federal Action.  Without an injunction, Defendants would be empowered to circumvent this Court's authority to dispose of all the claims already before it, and it would promote substantial inefficiencies across numerous courts, which would be tasked to decide issues that could easily be resolved in a single proceeding.

Moreover, permitting Defendants to pursue piecemeal litigation in multiple forums for claims already before this Court would likely result in inconsistent rulings because multiple courts would be confronted with resolving similar factual and legal issues.  Such an outcome would thwart this Court's ability to preserve its jurisdiction and bring the Federal Action to an efficient, final resolution.  *See, e.g.*, *TracFone Wireless*, 2017 WL 5202749, at *3 (granting motion for All Writs Act injunction and finding that "[p]roceedings in other courts that involve the same facts as already issued judgments and orders, or that could result in the issuance of an inconsistent judgment, threaten the jurisdiction of the district court enough to warrant an injunction").  In short, the potential fragmentation of the Federal Action into hundreds and maybe even thousands of individual PIP Suits would severely prejudice and irreparably harm SFM and SFF's efforts to prove fraud at a systemic level, impair the declaratory judgment claims

over which this Court has taken jurisdiction precisely to eliminate such fragmentation, and deprive SFM and SFF of an avenue toward complete relief in any court.

The Federal Action will determine several threshold issues that would be applicable to any PIP Suit Defendants would bring against SFM and SFF or their insureds for No-Fault Benefits based upon the denial of Defendants' fraudulent claims, including: (a) whether SFM and SFF are entitled to recover amounts already paid for the services rendered to Defendants' patients, pursuant to SFM and SFF's claims for fraud, unjust enrichment, civil conspiracy, aiding and abetting fraud, and FDUTPA; and (b) whether SFM and SFF are entitled to a declaratory judgment that it does not owe Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI any additional amounts for such services. Given these issues, Defendants will have the opportunity in this Court to present evidence to rebut the claim that they are not entitled to payment on any claims for services. In short, Defendants will be able to litigate the compensability of their claims for No-Fault Benefits in a single, efficient proceeding, which is far more likely to outpace the resolution of hundreds of individual state court proceedings.

Consequently, the grant of an All Writs Act injunction will promote judicial economy, create multiple efficiencies by decreasing the amount of time, effort, and expense incurred by the parties and witnesses, preserve comity among the courts, and serve the public by allowing this Court to resolve in one forum, at one time, whether Defendants are owed any No-Fault Benefits.

### V. CONCLUSION

SFM and SFF respectfully request that this Court grant the Motion and issue an order prohibiting Defendants from filing any new PIP Suits or commencing any proceedings against SFM, SFF, or their insureds related to the provision of health care services purportedly rendered

by Ceda Ortho Group, the Cereceda Clinics, and/or Springs Crossing MRI to SFM and SFF insureds until the resolution of the Federal Action.

## VI. REQUEST FOR HEARING

Given the time-sensitive and complex nature of the issues presented in the Motion, and pursuant to Local Rule 7.1(b)(2), SFM and SFF request oral argument on the Motion. SFM and SFF reasonably estimate that oral argument on the Motion will require no more than two hours of this Court's time.

Dated: June 17, 2019                                      Respectfully submitted,

By: */s/ David I. Spector*
DAVID I. SPECTOR, ESQ.
Fla. Bar No. 086540
david.spector@hklaw.com
JOSEPH F. VALDIVIA, ESQ.
Fla. Bar No. 0107878
joseph.valdivia@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000
Facsimile:  (561) 650-8399

-- and --

ROSS O. SILVERMAN
ross.silverman@kattenlaw.com
(*pro hac vice to be filed*)
JOHN W. REALE
john.reale@kattenlaw.com
(*pro hac vice to be filed*)
JOHN T. LEPORE
john.lepore@kattenlaw.com
(*pro hac vice to be filed*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2019 the foregoing document will be served on all parties identified on the attached service list via Process Server or U.S. Mail.

By: /s/ *David I. Spector*
David I. Spector (FBN 086540)

**SERVICE LIST**

| | |
|---|---|
| Mark Cereceda, D.C.<br>6278 SW 14th Street<br>West Miami, FL 33144 | Thomas Haban, D.C.<br>14001 SW 90 Avenue<br>Apt. C-208,<br>Miami, FL 33176 |
| Maria Cristina Crespo-Smith, M.D.<br>7525 SW 55th Avenue<br>Miami, FL 33143 | Nestor Javech, M.D.<br>8840 SW 17 Street<br>Miami, FL 33165 |
| Edgar Facuseh, D.C.<br>1147 SW 78th Court<br>Miami, FL 33147 | Ceda Orthopedic Group, LLC<br>815 NW 57 Avenue<br>Suite 202<br>Miami, FL 33126 |
| Patrick Fenelus, D.C.<br>2890 SW 130th Terrace<br>Miramar, FL 33027 | Ceda Orthopedics & Interventional Medicine of Cutler Bay, LLC<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |
| Karim Habayeb, D.C.<br>6301 Collins Avenue<br>Apt. 1705<br>Miami Beach, FL 33141 | Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |
| John P. Ross, D.C.<br>755 East 49th Street<br>Hialeah, FL 33013 | Ceda Orthopedics & Interventional Medicine of F.I.U/Kendall, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |
| Michael Schulman, D.C.<br>18576 Royal Hammock Boulevard<br>Naples, FL 34114 | Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |
| Richard Yoham, D.C.<br>11890 SW 8th Street<br>4th Floor<br>Miami, FL 33184 | Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |

| | |
|---|---|
| Roberto Moya, M.D.<br>3163 NE 166 Street<br>North Miami Beach, FL 33160 | Physicians Central Business Office, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |
| Roy Canizares, D.C.<br>9750 SW 111 Terrace<br>Miami, FL 33176 | Springs Crossing Imaging, L.L.C.<br>815 NW 57th Avenue<br>Suite 405<br>Miami, Florida 33126 |

#68577579_v1