**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,                          CASE NO. 1:19-cv-22487-RS

       Plaintiffs,

v.

MARK CERECEDA, D.C., *et al.*,

       Defendants.

_____/

## MEMORANDUM IN OPPOSITION TO STATE FARM'S EXPEDITED MOTION FOR ALL WRITS ACT INJUNCTION

    Defendants,[1] through undersigned counsel and pursuant to 28 U.S.C. § 2283 and Federal Rule of Civil Procedure 65, respectfully submit this memorandum of law in opposition to the Expedited Motion for All Writs Act Injunction [ECF No. 5] filed by Plaintiffs (the "Motion").

### INTRODUCTION

    State Farm seeks to enjoin the filing of all future state court lawsuits by the Defendants as assignees of the rights of State Farm's policyholders to collect PIP benefits.

    State Farm's Motion fails because it does not assert a *prima facie* case for injunctive relief under Rule 65, nor does it even address the four elements required for granting injunctive relief. Nor would application of those elements support such an extraordinary remedy. Among other things, State Farm cannot show a "substantial likelihood of success" on the underlying merits because it does not cite a single ruling in its favor from the Eleventh Circuit. The only other similar case we have found denied the same relief sought by State Farm. *See* Order in *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc.*, Case No. 6:06-cv-1757-Orl-UAM (M.D. Fla. Dec. 12, 2007) (attached hereto with the motion and response as Composite Exhibit A). State Farm does not provide any new authority or factual predicate to alter the conclusion of the Middle District that it is not entitled to injunctive relief.

---

[1] Except for Nestor Javech, M.D., who has not been served. Moreover, by responding on behalf of all other Defendants, Defendants do not concede that the Motion was properly brought against the individually named Defendants.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Troublingly, State Farm boldly asks this Court to invade the jurisdiction of the state courts, violating principles of federalism, and worse, to disregard the intent of the Florida Legislature, which requires a speedy and efficient case-by-case determination of PIP benefits owed to policyholders.

Moreover, the motion is unverified. How can this Court determine whether State Farm will suffer "irreparable harm" without an affidavit to verify that State Farm would be so harmed? Even accepting as true the vague allegations of the Motion ("many hundreds of currently pending PIP Demands and PIP Suits" and "Hundreds, and potentially thousands, of new PIP suits will continue to be filed in courts across Florida"), Motion at 2 & 7, it is difficult to view the expense of defending disputed small claims actions in the manner envisioned by the Florida legislature, and potentially (indeed, likelihood) of losing them on the underlying merits, as "irreparably harming" State Farm. Indeed, it appears the only "irreparable harm" that will be suffered is by the policyholders (and/or their assignees), who are deprived of their ability to have PIP claims resolved speedily and efficiently pursuant to the scheme designed by the Florida legislature.

State Farm does not propose any amount for the *mandatory* bond under Rule 65(c). And by not describing the nature and amount of the theoretical future lawsuits it seeks to enjoin from being filed by its own policyholders' assignees, it is questionable as to whether this Court can even determine the proper amount of the mandatory bond under Rule 65(c).

State Farm cannot overcome the *225-year old ban* on federal court interference with state court actions imposed by the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court ….").

The only exception upon which State Farm relies, to wit, the "necessary in aid of the Court's jurisdiction" exception, Motion at 9, applies solely in the context of class actions and multidistrict litigation, neither of which is applicable here because State Farm has neither pled (nor satisfied the requirements for) class certification, and this is not an MDL proceeding.

Critically, in surreptitiously but unsuccessfully trying to backdoor this case into a class action under Rule 23, State Farm has not (and cannot) satisfy the "predominance" requirement, namely, that "the question[s] of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to all other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

To the contrary, the nature of the factual inquiry in this determination is *uniquely individual* to each of the 915 policyholders whose requests for PIP benefit payments are being denied because

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

the underlying substance of whether the policyholders received "medically necessary" services to treat an "emergency medical condition" can only be handled on a case by case basis, as contemplated by the PIP statutory scheme. State Farm admits as much in its Complaint: "In other words, facially legitimate services may be provided with little variance across multiple patients, but it is only by analyzing the claims as a whole that the inference arises that services were not provided *because of patients' unique needs and circumstances*." Motion at 10 (emphasis added). It would be impossible for a finder of fact to make a fair determination of medical necessity without reviewing the respective policyholders' medical files and hearing testimony from the policyholders themselves. Indeed, Courts have consistently denied class relief in similar PIP disputes brought *against* insurers. *See Cielo v. Garrison Prop. & Cas. Ins. Co.*, No. 8:15-cv-2324, 2016 WL 1244552, at *3 (S.D. Fla. Mar. 30, 2016) ("Because the claim for damages will require a significant number of individualized inquiries, a class action is inappropriate[.]").

At its strategic core, State Farm is trying to use the injunctive power of this Court to cripple Defendants' ability to defend this lawsuit by depriving them of payments due for the patient care that has already been provided and to enjoin payment for any future care provided. To be clear, PIP insureds are not captive patients, like those found in HMO or PPO plans and are free to select the physicians they feel will provide the best or the most economical services. Yet, State Farm is effectively asking this Court to blacklist the Defendants and to enforce State Farm's transparent attempt to mandate its own vision of "in-network" health providers that its PIP policyholders must go to for treatment, when the Legislature does not permit such limitations. An injunction would have far-reaching constitutional implications not only for the Defendants but also for State Farm's PIP policyholders, who would be deprived, without notice and an opportunity to be heard, of (i) statutorily-mandated PIP benefits under Florida Statute section § 627.736; (ii) access to physicians of their choice; and (iii) access to Florida state courts, which is a fundamental right of the Florida Constitution.

## FACTS

### A.  The Florida Statutory No Fault Insurance Scheme

The Florida Motor Vehicle No-Fault Law (Fla. Stat.§§ 627.730-627.7405) is a comprehensive statutory scheme enacted for the following expressly stated legislative purpose: "To provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits, for motor vehicles required to be registered in this state and,

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

with respect to motor vehicle accidents, a limitation on the right to claim damages for pain, suffering, mental anguish, and inconvenience." Fla. Stat.§ 627.731.

The PIP statute, which is codified in Florida Statute section 627.736 is "an integral part of the no-fault statutory scheme." *Flores v. Allstate Ins.* 153 Co., 819 So. 2d 740, 744 (Fla. 2002). "The PIP statute is unique, in that it abolished 'a traditional common-law right by limiting the recovery available to car accident victims' and in exchange, required PIP insurance that was recoverable without regard to fault." *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, 961 So. 2d 328, 332 (Fla. 2007) (quoting *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1077 (Fla. 2006)). "Without a doubt, the purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment so that the injured insured may get on with his [or her] life without undue financial interruption.'" *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 683–84 (Fla. 2000) (citation omitted).

Effective January 1, 2013, the Florida Legislature placed the following limitations on reimbursement of PIP benefits:

- **Timeline.** 14-day deadline for policyholders to seek medical care for injuries after a car accident;

- **Major Injury.** Only those patients diagnosed with an emergency medical condition (EMC) can receive the full $10,000;

- **Doctor Diagnosis.** Only a doctor (M.D., D.O., dentist, or advanced nurse practitioner) can diagnose an EMC;

- **Reduced Benefit.** The full $10,000 benefit reduced to $2,500 absent an EMC.

Fla. Stat. § 627.736(1)(a)(1)-(5) (*see* 2012-197, Laws of Florida § 10).

Throughout its history, given the unbalanced economic power of the insurers, such as State Farm, the PIP statute contained a one-way attorney fee statute, meaning that in the event a policy holder (or its assigns, such as the providers) sues for its benefits and prevails, the insurance company must pay the prevailing policyholder's reasonably attorneys' fees, but not the other way around. *See* Fla. Stat. § 627.428 ("Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.").

The one-way attorney fee provision is incorporated into the PIP statute by virtue of section 627.7346(8) which provides in part: "With respect to any dispute under the provisions of ss. 627.730-627.7405 between the insured and the insurer, or between an assignee of an insured's rights and the insurer, the provisions of ss. 627.428 and 768.79 apply[.]"  In large part, the dispute in this case appears driven by State Farm's dissatisfaction with the statutory scheme, including the one-way attorney fee statute, which by design creates added risk to State Farm for refusing to pay a valid "clean" claim or the lawful amount due for the services. But the one-way fee provision, which clearly does not envision a "class action" by or against the insurance company, *is an integral part of the statute* and of the political compromises that were made in abrogating common law rights, assuring speedy treatment and payment, and giving the policyholder an equal hand in litigation where the policyholder prevails, thus discouraging unnecessary delay by the insurance company in paying legitimate claims and preventing insurance companies from using their economic might, as in this case, to try to deprive policyholders of statutory benefits and at the same time trying to recover attorneys' fees in the wrong statutory direction.

Naturally, the insurers have their own lobby to protect their interests, and the PIP Statute has built-in protections for insurers. The Florida Legislature created a comprehensive system not only for collecting PIP premiums but also for *disputing* PIP claims. *See generally* Fla. Stat. § 627.732(4)(h) ("If an insurer has a reasonable belief that a fraudulent insurance act, for the purposes of s. 626.989 or s. 817.234, has been committed, the insurer shall notify the claimant, in writing, within 30 days after submission of the claim that the claim is being investigated for suspected fraud. Beginning at the end of the initial 30-day period, the insurer has an additional 60 days to conduct its fraud investigation. Notwithstanding subsection (10), no later than 90 days after the submission of the claim, the insurer must deny the claim or pay the claim with simple interest as provided in paragraph (d)."); *Id.* § 627.732(5)(a) ("An insurer or insured is not required to pay a claim or charges… b. For any service or treatment that was not lawful at the time rendered; c. To any person who knowingly submits a false or misleading statement relating to the claim or charges; d. With respect to a bill or statement that does not substantially meet the applicable requirements of paragraph (d); e. For any treatment or service that is upcoded, or that is unbundled when such treatment or services should be bundled, in accordance with paragraph (d).").

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

By virtue of this lawsuit, State Farm is seeking to turn the statutory scheme on its head, or at least to place its thumb on the delicately balanced result of years of legislative initiatives and do the following:

- Furtively obtain class action relief to deny all PIP benefits sought by Defendants on behalf of the policyholders, without meeting or even pleading the rigid threshold required under Federal Rule of Civil Procedure 23;

- By-pass the denial resolution procedure enacted by the Legislature, and thus avoid the equalizing one-way attorneys' fees provision, both of which envision individual policyholder actions against PIP carriers, and instead seek to deny individualized claims *en masse*, and to recover fees against policyholders and their assignees, which is clearly not authorized in the statute;

- Deny and deprive policyholders and their assignees due access to the Florida state court system;

- Effectively have this Court approve what would otherwise amount to an unfair insurance trade practice by "blacklisting" the Defendants and creating through litigation its own –"in-network" approved providers, and thereby trampling the statutory rights of policyholders to select the physicians of their choice.[2]

## B.  The Facts of the Present Case

State Farm seeks the drastic remedy of asking this Court to re-write the PIP statute AND to shut down the legislatively-enacted dispute resolution procedures throughout the Florida state court system for all State Farm policyholders who seek medical care from Defendants

The factual predicate offered by State Farm to create this type of unnecessary risk for its policyholders, and to justify the extraordinary request for this Court to interfere with the Florida PIP scheme, however, is murky, at best, and totally unsupported by ultimate facts.

Upon careful reading of the Complaint, it is apparent that it only addresses the claims of a single patient (No. 532) with an unpaid $623 invoice. S*ee* ECF Nos. 1-3 at 14; 1-13; and 1-22. There are no facts or information regarding any of the other 914 patients listed on Exhibit 1 to the Complaint

---

[2] *See* Fla. Stat. § 627.732(11)(a) ("An insurer is engaging in a prohibited unfair or deceptive practice that is subject to the penalties provided in s. 626.9521 and the office has the powers and duties specified in ss. 626.9561-626.9601 if the insurer, with such frequency so as to indicate a general business practice … [f]ails to pay valid claims for personal injury protection ….").

FUERST ITTELMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

from which this Court could determine whether treatments were medically necessary[3] and which patients suffered an emergency medical condition.[4] Except for Exhibits 13 and 22 pertaining to Patient/Policyholder No. 532, none of the other exhibits – neither the EOUs nor the depositions transcripts deal with medical circumstances of any of the 915 claims at issue. They instead pertain to **non-parties**, such as 411-PAIN, and unrelated lawsuits brought by other CEDA-affiliated clinics that are not defendants in this action. *See, e.g.,* Exhibits 37, 38, and 39 to the Complaint.

Nevertheless, State Farm alleges that a dispute over this $623 bill justifies disgorgement of $4 million in PIP benefits paid to Defendants by State Farm on behalf of its policyholders over the past four years because the Defendants were engaged in a "fraudulent scheme" to treat all patients with a "predetermined protocol" to maximize PIP benefits. Motion at 4-5.

Other than conclusory allegations, and an unverified complaint based on a spreadsheet of unknown origin, there are literally no allegations that would support any finding regarding the appropriateness of the medical services provided by the Defendants to the other 914 policyholders. The alleged fraudulent scheme is just a pretext – State Farm just does not like the Florida PIP statutory dispute system. *See* Motion at 7 (""When SFM and SFF deny or otherwise do not fully pay Defendants' bills, Defendants routinely submit PIP Demands and file PIP Suits against SFM and SFF, often over a single bill for a single date of service. Thus, Defendants' scheme capitalizes on SFM and SFF's obligations under the PIP Law and the Florida No-Fault claims environment.").

State Farm disapproves of the case-by-case claim resolution system imposed by the PIP statute, and the one-way attorney fee provision, because those features of the statute equalize the power of the participants and level the judicial playing field. Although State Farm wants a new system

---

[3] "**Medically necessary**" refers to "a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is: (a) In accordance with generally accepted standards of medical practice; (b) Clinically appropriate in terms of type, frequency, extent, site, and duration; and (c) Not primarily for the convenience of the patient, physician, or other health care provider." Fla. Stat. § 627.732(2).

[4] "**Emergency medical condition**" means "a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following: (a) [s]erious jeopardy to patient health; (b) [s]erious impairment to bodily functions[; or] (c) [s]erious dysfunction of any bodily organ or part." Fla. Stat. § 627.732(16).

FUERST ITTELMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

(that allows it to exploit its economic superiority over policyholders), its remedy lies with the Florida Legislature in Tallahassee, not with the federal District Court in Miami.[5]

## MEMORANDUM

### A.  All Writs Act (28  U.S.C. § 1651)

The All-Writs Act authorizes federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act was enacted to codify powers traditionally exercisable by courts in equity to effectuate their decrees by injunctions or writs of assistance. *See Burr & Forman v. Blair*, 470 F. 3d 1019, 1026 (11th Cir. 2006) ("It is settled law, then, that, despite its express language referring to 'aid of ... jurisdiction,' the All–Writs Act also empowers federal courts to issue injunctions to protect or effectuate their judgments.") (citations and internal quotations omitted).

### B.  The Anti-Injunction Act (28 U.S.C. § 2283)

The Anti-Injunction Act counterbalances the All-Writs Act by prohibiting federal courts from enjoining pending state court actions except under three narrowly defined circumstances.

> A court of the United States may **not** grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments.

28 U.S.C. § 2283 (emphasis added); *see Burr & Forman*, 470 F.3d at 1027 ("The Anti–Injunction Act serves as a check on the broad authority recognized by the All Writs Act.").

"Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

The policy underlying the Anti-Injunction Act is nothing less than ensuring the proper functioning of our federal system of government.

> The Act, which has existed in some form since 1793, is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system. Prevention of frequent federal court intervention is important to make the dual system work

---

[5] In fact, it seems evident that this lawsuit was filed, at least in part, as an effort to put pressure on the Florida legislature to repeal the PIP statute, an effort that State Farm lost two months before it fled this action. https://miami.cbslocal.com/2019/04/02/pip-repeal-moves-forward-in-state-senate/.

FUERST ITTLEMAN DAVID & JOSEPH •
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

> effectively. *By generally barring such intervention, the Act forestalls 'the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.'*

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (citations omitted) (emphasis added).

The Anti–Injunction Act's "core message is one of respect for state courts." *Smith v. Bayer Corp.,* 564 U.S. 299, 306 (2011) ("The Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'").

### C.  Three Narrow Exceptions To Enjoining State Court Civil Lawsuits

There are three exceptions to the Anti-Injunction Act, all of which are narrowly construed due to the policies underlying federalism. *See Smith*, 564 U.S at 306 ("[The Act] is subject to only three specifically defined exceptions. And those exceptions, though designed for important purposes, are narrow and are not [to] be enlarged by loose statutory construction.") (citations and internal quotations omitted)); *Burr & Forman*, 470 F.3d at 1028 ("The Anti–Injunction Act's animus is clearly rooted in federalism concerns—a desire to avoid tension and preserve comity between the federal and state courts. Because it is grounded in the constitutional guarantees of independence between the state and federal systems, the language of the Anti–Injunction Act—unlike that of the All Writs Act—is construed narrowly by the courts. *The Anti–Injunction Act serves as 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the Act's] three specifically defined exceptions*.'") (citations omitted) (emphasis added).

#### 1.  *"Expressly Authorized" Exception*

The test under the first exception is "whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 238 (1972).

Statutes that have been held to expressly authorize federal injunctions against state suits include the Bankruptcy Code (11 U.S.C. § 105(a)), the Civil Rights Acts (42 U.S.C. § 1983), and the National Environmental Policy Act (NEPA) (42 U.S.C. § 4332). *See generally* Craig W. Canetti, *The Exceptions to the Anti-Injunction Act: A Federal Injunction May Be the Shortest Route to Success in a State-Court Suit*, Bloomberg Law Reports Vol. 4,   No. 30 (Bloomberg Finance L.P. 2010) reprinted at https://www.mayerbrown.com/-/media/files/news/2010/07/the-exceptions-to-the-antiinjunction-act-a-federal/files/bloomberglawreportccanettipdf/fileattachment/bloomberglawreport-ccanetti.pdf

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

This exception is inapplicable because State Farm is not seeking injunctive relief pursuant to a specific Act of Congress.[6]

### 2. "Necessary In Aid of Jurisdiction" Exception

Courts have upheld injunctions predicated on the "necessary in aid of its jurisdiction" exception in two distinct and narrowly-delineated situations. As discussed below, neither situation is applicable here. The general rule is that a federal court cannot enjoin a pending state *in personam* action – even if it involves the same subject matter as the new federal court action.

### a. In Rem Proceedings

"The first is where the federal court in an *in rem* proceeding obtains jurisdiction over the *res* before the state court action involving the same *res* is brought." *Burr & Forman*, 470 F.3d at 1028-29. This situation is inapplicable because this is not an *in rem* proceeding.

### b. Order To Enforce Prior Federal Court Injunctions

"Orders enjoining state court proceedings have also been upheld in contexts roughly analogous to proceedings *in rem*, such as where enjoining the state court proceeding is necessary to protect an earlier federal court injunction." *Burr & Forman*, 470 F.3d at 1029; *see Wesch*, 6 F.3d at 1470 ("When a court issues an injunction, it automatically retains jurisdiction to enforce it."). This use of the exception arose frequently in the school desegregation context. *Id.; see Valley v. Rapides Parish School Bd.*, 646 F.2d 925, 943–44 (5th Cir. 1981). This situation is inapplicable here because there is no pre-existing federal court injunction.

As the Eleventh Circuit has instructed, these two situation represent the "***outermost limits***" of the exception. *See Burr & Forman*, 470 F.3d at 1029 ("Indeed, outside of those cases where an analogy can be drawn to in rem proceedings, 'the general rule remains ... that an injunction cannot issue to restrain a state action in personam involving the same subject matter from going on at the same time.'") (citing 17 Wright, Miller, and Cooper, *Fed. Prac. & Proc. Juris.2d* § 4225 (2d Ed. 1988)).

---

[6] The Declaratory Judgment Act itself does not qualify as an "act of congress" for purposes of this exception. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 303 (6th Cir. 2004) ("Martingale and Bridge the Gap's arguments against applying the Anti–Injunction Act are unavailing. They argue that the Anti–Injunction Act may bar their request for an injunction, but not their claim for declaratory relief. Martingale and Bridge the Gap's argument is clever, but unpersuasive. Their ultimate goal is to halt the state court condemnation proceedings, a result that either an injunction or a declaratory judgment would accomplish equally well. Other parties have tried this ruse, and most courts that have addressed this issue have rejected their argument."); *Beals v. Bank of Am., N.A.*, CIV.A. 10-5427 KSH, 2011 WL 5415174, at *7 (D.N.J. Nov. 4, 2011) ("Though the statute speaks only of injunctive relief, when "declaratory relief would produce the same effect as an injunction, a declaratory judgment is barred if section 2283 would have prohibited an injunction.") (citation omitted)).

FUERST ITTELMAN DAVID & JOSEPH •
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Thus, even if the legal and factual issues in the pending state court PIP reimbursement lawsuits were *identical* to the legal and factual issues here, which is not at all clear, this Court would *still* not be authorized to place all of the pending Florida state court lawsuits into suspended animation. This is also true because any state court actions brought by the Cereceda Defendants against State Farm are instituted in its capacity as assignee for each individual insured patient, and here, Plaintiffs are not suing the Cereceda Defendants in that same capacity.

The Anti-Injunction Act does not imbue district courts with that power. Rather, as recognized by the United States Supreme Court in 1977, any potential inconsistency in judgments resulting from parallel state and federal proceedings is handled by the doctrine of res judicata. *See Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 642 (1977) ("The traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to s 2283 was intended to alter this balance. We have never viewed parallel in personam actions as interfering with the jurisdiction of either court. … 'Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicate.").

### 3. The "Relitigation" Exception

The third exception to the Anti–Injunction Act authorizes a federal court to issue an injunction to "protect or effectuate its judgments." 28 U.S.C. § 2283. This exception is generally referred to as the "relitigation exception." An injunction under the relitigation exception is only appropriate where the state law claims would be precluded by the doctrine of res judicata. *See Klay*, 376 F.3d at 1104 ("Proceedings in other courts that involve the same facts as already issued judgments and orders, or that could result in the issuance of an inconsistent judgment, threaten the jurisdiction of the district court enough to warrant an injunction"); *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993) ("[The relitigation exception] is essentially a res judicata concept designed to prevent issues that have already been tried in federal court from being relitigated in state court.").

A party seeking an injunction of a state court proceeding under the "protect or effectuate" exception "must make a 'strong and unequivocal showing' of relitigation." *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 585–86 (11th Cir. 1983) ("A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel."). Any doubt regarding whether the requirements of res judicata have been met will be resolved against interference

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

with the state court proceeding. *See G.M. Brod & Co., Inc. v. Adler,* 845 F.2d 899, 900 (11th Cir. 1988) (holding that denial of injunction by the district court was proper where record left doubt as to identity of issues and noting that the preclusion defenses remained available as a defense in the state suit).

Here, State Farm has not provided any information from which this Court could make a reasoned analysis that any of the pending or future Florida state court actions are barred by res judicata resulting from this Court's adjudication *because there is no final adjudication on the merits by this court. See Burr & Forman*, 470 F.3d at 1029–30.[7]

### D.  An Injunction Is Not Necessary To Aid This Court's Jurisdiction

State Farm contends that the injunctive relief it seeks in this action falls under the second exception to the Anti-Injunction Act: "necessary in aid of [the court's] jurisdiction." *See* Motion at 9.

The general Black Letter rule, however, is that "*in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance." *Vendo Co.*, 433 U.S. at 642 ("'[A]n action brought to enforce (a personal liability) does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata.")*; see also* Craig W. Canetti, *The Exceptions to the Anti-Injunction Act:* text at n. 16 ("By contrast, parallel state and federal in personam actions traditionally have been allowed to proceed concurrently, with the action that reaches judgment first potentially creating a res judicata or collateral estoppel effect in the other.").

The only context in which the Eleventh Circuit has applied the "necessary in aid" exception to enjoin parallel state court *in personam* lawsuits is where the state court action "'might jeopardize a complex federal settlement [or] threaten to make complex multidistrict litigation unmanageable.'" *Juris v. Inamed Corp.*, 685 F.3d 1294, 1339 (11th Cir. 2012) (citing 17A *Moore's Federal Practice* § 121.07 (3d ed. 2010)).

As the Eleventh Circuit explained in distinguishing such cases:

> *We do not have before us a class action affecting the rights of hundreds (or even dozens) of parties, nor are we confronted with a complex and carefully crafted settlement or other plan which*

---

[7] The converse is not true.  State Farm may very well be barred from bringing claims predicated on the same individual cases that have already been litigated to conclusion.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

> *would be undermined by a state court adjudication*. The litigation in the Ohio court, on its own, would not displace or frustrate the district court's management of the case now pending before it. As compared to *Battle* and *Wesch,* the difficulties involved in resolving the Bayshore Action are different in kind and smaller in magnitude. Thus, the second exception to the Anti–Injunction Act does not apply.

*In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1252–53 (11th Cir. 2006) (emphasis added).

Here, State Farm has not pled or sought Rule 23 relief, even if its complaint furtively strives for such relief.  Similarly, State Farm has not pled any claim that falls within the confines of multi-district litigation.

State Farm's argument that Defendants may file **future** state court actions in an "attempt to divest this court of jurisdiction and avoid the res judicata effect of this court's rulings" is as absurd as it is legally incorrect.  *See* Motion at 9 ("SFM and SFF expect that, absent an injunction, Defendants will continue to aggressively pursue payment of No-Fault Benefits by filing hundreds if not thousands of PIP Suits in Florida courts.")

Like all providers in Florida faced with State Farm's denials, the Defendants were *required* to file their claims in state court on a case-by-case because, *inter alia,* there is no jurisdiction for this Court to hear the claims.[8] This is not a class-pled action and Defendants, who rely on the prompt payment demanded by the PIP statute as a means of survival, certainly avail themselves of the speed and efficiencies provided by the small claims courts. By definition, there cannot possibly be any res judicata effect from *this* case until there is a final adjudication.

Another Florida federal court has already denied a similar motion filed by State Farm. *See* Order, *State Farm Mutual Automobile Ins. Co., et al., v. Physicians Injury Care Center, Inc., et al,* No. No. 6:06-cv-1757-Orl-UAM (M.D. Fla. Dec. 12, 2007) ("After considering the relevant statutes and Eleventh Circuit case law, the Court does not find the Plaintiffs have established that the imposition of an injunction is necessary in aid of this Court's jurisdiction. The Eleventh Circuit has provided guidance as to elements that must exist for the requested relief to be granted, and none of those delineated elements are present. … [T]he Court does not wish to stray from the compelling lineage of case law expressing the supreme importance of maintaining comity and federalism between the state and

---

[8] The claims do not rest on a federal question, and do not reach the $75,000 amount in controversy threshold to procure diversity jurisdiction. If the claims met such a threshold, rest assured that State Farm has the legal right to seek removal of the case to a federal court.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

federal judicial systems.") (attached hereto as Composite Exhibit A). State Farm has not provided any authority to the contrary.

Indeed, the argument in favor of an injunction was arguably stronger for State Farm in Orlando, but was nevertheless doomed from inception, because in that matter State Farm had identified dozens of specific state court actions that were ***actually pending*** and on file in Florida county court. Here, by contrast, State Farm is seeking to enjoin the filing of *new* lawsuits – under the theory that such actions would somehow interfere with the this Court's *future* ruling. If State Farm was unable to obtain an injunction in Orlando in 2007 against identifiable and pending lawsuits, it is hard to conceive of any argument or legal authority that would support its injunction in favor of ***future*** lawsuits, especially when State Farm does not provide any new authority supporting its position.

State Farm's argument seems to rely on a misapprehension of the nature of res judicata. State Farm is not moving under the "relitigation" exception to the Anti-Injunction Act, and for good reason: there is not yet any final judgment in this case that could have any res judicata effect. Yet State Farm consistently makes references to res judicata in support its "necessary to aid" argument. *See* Motion at 11 ("[P]ermitting Defendants to pursue piecemeal litigation in multiple forums for claims already before this Court ***would likely result in inconsistent rulings*** because multiple courts would be confronted with resolving similar factual and legal issues. Such an outcome would thwart this Court's ability to preserve its jurisdiction and bring the Federal Action to an efficient, final resolution.").

The Court should reject these res judicata arguments for two reasons. First, there is no such thing as "preemptive" res judicata. Until this Court issues a final judgment, this proceeding has no res judicata effect. Second, it is not at all apparent, nor has State Farm persuasively argued, that State Farm can meet all of the elements to establish res judicata. "Under res judicata, a party is barred from re-litigating all matters previously raised and determined as well as all other matters that could have been raised. Four elements must be met for a lawsuit to be barred: "(1) identity of thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." *Chavez v. Tower Hill Signature Ins. Co.,* No. 3D18-818, 2019 WL 3674234, at *3 (Fla. 3d DCA Aug. 7, 2019). Even on a cursory analysis, it is not apparent that the claims are the same (the insurers have not asserted fraud in defense of the individual cases it has litigated so far) or that the parties are the same. *See, e.g.,* Exhibits 37, 38, and 39, which involve non-party CEDA-affiliated entities.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Third, there is no danger of inconsistent rulings because of the very fact that each case has individual and separate factual distinctions. Medical care itself is case-by-case dependent.

In summary, there is no compelling reason why this Court should enjoin future, unfiled lawsuits to allow State Farm to enjoin the Defendants from collecting payments for services provided to State Farm's policyholders and at the same time deprive its own policyholders of the right to treatment by health care providers of their choice and the election to seek payment by AOB.

### E. State Farm Improperly Seeks To By-Pass The Florida Claims Resolution Procedure Without Regard For The Rights of Its Policyholders

The Florida PIP statute provides a comprehensive framework for dealing with PIP claims.

The statute requires individualized, case-by-case determinations of PIP disputes. *See Padilla v. Liberty Mut. Ins. Co.*, 832 So. 2d 916, 920 (Fla. 1st DCA 2002) ("Under the statutory scheme, the courts decide, case by case, whether insurers have met their obligations to pay personal injury protection benefits"); *Derius v. Allstate Indem. Co.*, 723 So. 2d 271, 274 (Fla. 4th DCA 1998) ("The current state of the law is that the issue of necessity in a PIP case is decided by factfinders on a case by case basis, depending on the specific evidence introduced at trial and the arguments of counsel."); *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1285–86 (S.D. Fla. 2007) ("As the Plaintiff in the instant case articulates, it is seeking a declaratory judgment as to whether or not the insurer's method of determining reasonableness violates the language in the contract. This is exactly the sort of determination that [is] inappropriate for across-the-board declaratory relief, because the fact finder must, on a case by case basis, construe the term 'reasonable' and determine whether the insurer's evaluation of the bills submitted fits the definition of 'reasonable.'").

There is no authority for class action treatment of PIP claims under the PIP statute. Or for treatment of the claims on wholesale declaratory judgment basis. The only fair way to determine if a policyholder received reasonable and necessary medical treatment, and that provider billed accurately for its services, is on a case by case basis. State Farm would need to bring in every patient file and litigate the issues one by one. That is why the Florida courts, which handle these cases routinely with a keen understanding of the PIP law, are far better equipped to cope with these cases as they have been doing since the inception of PIP.

### F. Failure to Comply With Federal Rule of Civil Procedure 65

Since 1979, the law in the Eleventh Circuit has required movants under the All Writs Act, such as State Farm here, to also satisfy the requirements for issuance of injunctive relief under Federal Rule

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

of Civil Procedure 65. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1101 n. 13 (11th Cir. 2004) ("We note, however, that a district court may not evade the traditional requirements of an injunction by purporting to issue what is, in effect, a preliminary injunction under the All Writs Act."); *Florida Med. Ass'n, Inc. v. U. S. Dept. of Health, Ed. & Welfare*, 601 F.2d 199, 202 (5th Cir. 1979) ("[T]he All Writs Act does not free a district court from the restraints of Rule 65. … While the All Writs Act empowers a district court to fashion extraordinary remedies when the need arises, it does not authorize a district court to promulgate an Ad hoc procedural code whenever compliance with the Rules proves inconvenient.").[9]

State Farm takes *Klay* (and the remainder of its key citations) out of context.[10] *Klay* **only** discusses relaxing the application of the four Rule 65 factors in the context of the **_relitigation exception_**. *Klay* does not hold as a general principal, as State Farm suggests, that the federal courts can enjoin every future state court proceeding that might conceivably result in an inconsistent judgment at a later time. Rather, a federal court can only enjoin such litigation **_if there is already a final federal court adjudication on the merits._** In those cases, as *Klay* suggests, there would be no need for analysis of the substantial likelihood of prevailing on the merits.

But here, State Farm is not proceeding under the relitigation exception. Nor has this Court issued a final adjudication on the merits. Therefore, under Florida law, the res judicata exception is inapplicable because there is no pre-existing federal judgment on the merits. *See, e.g., Fla. Dept. of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("A judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim,

---

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down "prior to the close of business on September 30, 1981." *Watts v. Comm'r of IRS*, 747 F. Appx. 837, 838 (11th Cir. 2019).

[10] The cases cited by State Farm as purportedly ruling in its favor were either decided under the "re-litigation exception," not the "necessary in aid" exception or involved arbitration (not state court actions) and thus did not implicate the prohibition of the Anti-Injunction Act. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) ("The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts, which this one does not."); *TracFone Wireless Inc. v. Simply Wireless, Inc.*, 1:15-CV-24565, 2017 WL 5202749, at *6 (S.D. Fla. Aug. 10, 2017) ("TracFone's Motion to Enjoin Arbitration or For Stay (ECF No. 1) be GRANTED-IN-PART to the extent that the Arbitration conflicts with the prior conclusions and Orders entered by Judge O'Sullivan and Judge Moreno."); *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1323 (S.D. Fla. 2008) (discussing injunction of pending arbitration).

FUERST ITTELMAN DAVID & JOSEPH • ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

but as to every other matter which might with propriety have been litigated and determined in that action."); *Engle v. Liggett Group, Inc.,* 945 So. 2d 1246, 1259 (Fla. 2006) ("The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated."); *O'Connor v. N. Okaloosa Med. Ctr.,* 152 So. 3d 843, 845 (Fla. 1st DCA 2014) ("Thus, where there is an absence of a prior final adjudication on the merits, res judicata does not apply."); *W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.,* 35 So. 3d 79, 82–83 (Fla. 4th DCA 2010) ("Res judicata is a judicial doctrine used to bar parties from relitigating claims previously decided by a final adjudication on the merits.").

That is the precise reason Middle District of Florida previously denied a similar motion for by State Farm against different PIP providers. *See* Order attached to Composite Exhibit A, *Physicians Injury Care Center, Inc.,* No. 6:06-cv-1757-Orl-UAM, at p.5 ("However, the court in [*Wesch v. Folsom,* 6 F.3d 1465, 1470 (11th Cir. 1993)] was referring to enjoining future actions of the state court after a judgment was already entered in the federal court.").

To obtain injunctive relief in the Eleventh Circuit, even under the Anti-Injunction Act, a movant must establish:

> (1) a substantial likelihood of success on the merits of the underlying case;
> (2) the movant will suffer irreparable harm in the absence of an injunction;
> (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party; and
> (4) an injunction would not disserve the public interest.

*See Odebrecht Const., Inc. v. Sec'y, Florida Dept. of Transp.,* 715 F.3d 1268, 1273–74 (11th Cir. 2013).

For all intents and purposes, State Farm has not met its heavy burden because State Farm has failed to cite or to address any of the four elements required for granting injunctive relief. This failure to allege a *prima facie* case of injunctive relief is sufficient grounds in and of itself to deny the motion. *Florida Med. Ass'n, Inc.,* 601 F.2d at 202 ("A preliminary injunction, however, must be the product of reasoned application of the four factors held to be necessary prerequisites before a preliminary injunction may be obtained.").

A brief analysis reveals that State Farm *cannot* satisfy the requirements for obtaining injunctive relief in any event, although this Court should not allow State Farm to raise new issues in its Reply that were not raised in its Motion. The Court cannot possibly find that State Farm has a "substantial likelihood" of prevailing on the merits of this action and in support we incorporate herein by reference the arguments set forth in Defendants' forthcoming Motion to Dismiss. Nor can State

PAGE **17** OF **21**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

Farm establish that it will suffer "irreparable injury." It is well-established that "the costs of ongoing litigation" are not irreparable injury. *See, e.g., Petroleum Exploration, Inc. v. Public Service Commission,* 304 U.S. 209, 222 (1938); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24 (1974); *FTC v. Standard Oil Co.,* 449 U.S. 232, 244, (1980); *Adkins v. Nestle Purina PetCare Co.,* 779 F.3d 481, 483 (7th Cir. 2015). It is inconceivable how *following* the dispute and denial procedures enacted by the Legislature could somehow rise to the level of "irreparable injury."

As to the third factor, the balancing of harm heavily militates against the granting of injunctive relief. Defendants only seek small claims (or County Court) redress if State Farm wrongfully denies a claim for services.  If State Farm were allowed to suppress all payments for services already rendered based on the mere filing of a federal lawsuit, it would economically cripple the Defendants.

Similarly, the fourth factor overwhelmingly weighs against injunctive relief. State Farm is seeking to re-write the statutory scheme. The public policy is to resolve case-by-case claims in the manner envisioned by the Legislature; not by veiled (and unpled) class action relief in federal court. The policyholder, and the Defendant providers, are entitled to use the statutory mechanism to resolve PIP disputes. State Farm cannot usurp Florida's legislatively adopted laws, or the voice of Floridians, by seeking extraordinary relief in the form of an injunction.

### G.  Posting A Bond Is Mandatory Under Rule 65

Even if this Court were to find that State Farm had somehow satisfied the requirements for granting injunctive relief, it should deny the pending Motion because State Farm has not submitted evidence regarding the appropriate amount of the mandatory bond.

Rule 65(c) conditions the issuance of an injunction on the posting of adequate security: "The court may issue a preliminary injunction or a temporary restraining order *only if* the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.").

This conclusion is even more significant because the All Writs injunction that State Farm seeks is not directed to third parties but rather to the actual Defendants in the case.

> Preliminary injunctions under Rule 65 are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case at hand…. [T]*here is a difference between the power to enjoin an unrelated non-party pursuant to the All-Writs Act and the narrower authority delineated by Rule 65(d), which confines the application of injunctions to parties*, "their officers, agents, servants,

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

employees, and attorneys, and [to] those persons in active concert or participation with them who receive actual notice of the order."

*But see In re Baldwin-United Corp.*, 770 F.2d 328, 338–39 (2d Cir. 1985) (emphasis added).

Here, the damages that would be suffered by Defendants are extraordinary. State Farm is asking for permission to stop paying all claims submitted by Defendants for the benefit of its insureds, with no risk in doing so. Without the injunction, State Farm must pay either pay the bills according to the statutory scheme, or pay the legal fees, in addition to the damages, in the case-by-case actions that are filed to compel statutory compliance. Here, State Farm is asking to escape the equalizing mechanism of the fee-shifting provisions, and further, avoid paying any claims altogether, all without penalty or exposure. The bond would have to cover, *inter alia*, all of the medical costs charged by the providers, plus attorneys' fees, plus interest to capture the true time-value of money lost by the delays in payment, plus all interest payments and related costs associated with loans procured by Defendants to sustain the delay, plus costs of this action.

## H. Fundamental Rights of Policyholders and the Democratic Process Are At Stake

Granting injunctive relief to State Farm would cause a serious impairment of the fundamental rights of the policyholders and throw a monkey wrench into the statutory PIP claims resolution process. Among other things:

- Treating this case like a defense class action allows State Farm to deny PIP benefits on a wholesale basis, as opposed to on an individualized basis as envisioned by the PIP statute;

- By-pass the one-way, equalizing attorneys' fees provision in 627.428, Fla. Stat., and instead seek to deny claims *en masse* and recover fees ***against*** policyholders and their assignees, which is the reverse of the statutory intent;

- Deny policyholders and their assignees access to the Florida state court system;

- "Blacklisting" Defendants from providing medical services to State Farm policyholders and interfering the right of policyholders to select doctors of their choice.

The Florida Constitution grants a specific right of access to the courts, providing that "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." Fla. Const. Art. I, Sec. 21. The right to sue for a breach of contract to enforce

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

assigned rights was recognized early in Florida history. *See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55, 57 (Fla. 2000) ("The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution." (citing *Robinson v. Nix*, 22 Fla. 321 (1886)). State Farm impermissibly seeks to deny policyholders the right to speedy PIP claim resolution by the Florida state courts and their common law remedy of breach of contract that predates the Florida constitution.

## CONCLUSION

State Farm has not come close to making a persuasive argument as to why the federal district court in Miami should reach its judicial hand into the Florida court system and enjoin every future lawsuit filed on behalf of the subject policyholders seeking reimbursements for statutory PIP benefits based on State Farm's wrongful denial of payments. *See In re Kourogenis*, 539 B.R. 625, 630–31 (Bankr. S.D. Fla. 2015) ("This Court rejects the notion that it can act as a quasi-theatrical *deus ex machina* to intervene in pending state court proceedings to 'solve' them[.]"). Accordingly, Defendants respectfully request the Court deny the All Writs Motion and enter such relief as the Court deems just and proper.

Respectfully submitted,

**FUERST ITTLEMAN DAVID & JOSEPH**
*Attorneys for Defendants*
SunTrust International Center
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile: (305) 371-8989
Email: ajoseph@fidjlaw.com
Email: aittleman@fidjlaw.com
Email: crajotte@fidjlaw.com
Secondary Email: lcabrera@fidjlaw.com

By:  /s/ Allan A. Joseph
Allan A. Joseph
Florida Bar No.: 893137
Andrew S. Ittleman
Florida Bar No.: 0802441
Christopher Rajotte
Florida Bar No.: 107742

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

**CERTIFICATE OF SERVICE**

We hereby certify that on August 28, 2019, the foregoing document is being served on the all counsel of record, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing through the CM/ECF system.

By:  /s/ Allan A. Joseph
Allan A. Joseph

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM