UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

       CASE NO. 1:19-cv-22487-RS

    Plaintiffs,

v.

MARK CERECEDA, D.C., et. al.,

    Defendants.
_____/

**UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION AND SUPPORTING MEMORANDUM OF LAW**

All Defendants, pursuant S.D. Fla. Local Rule 7.1(c)(2), hereby move for leave to exceed the 20-page limit generally applicable to motions in this Court for purposes of their motion to dismiss the Complaint filed by State Farm Mutual Automobile Insurance Company and State Farm Fire And Casualty Company (collectively, "State Farm"), and in furtherance thereof respectfully state:

### I.  FACTS AND PROCEDURAL HISTORY

    1.    State Farm filed this action on June 14, 2019.  DE 1.

    2.    The Complaint in this matter is over 70 pages long, names 20 defendants, includes 8 counts sounding in fraud and relating to Florida's personal injury protection ("PIP") auto insurance statute, attached 39 exhibits, some of which contain substantial amounts of information, and seeks in excess of four million dollars in damages. This case is legally and factually complex by any standard.

    3.    The Defendants' deadline to respond to State Farm's complaint is September 9, 2019. All Defendants plan to file a single, omnibus motion to dismiss State Farm's complaint.

Page **1** of **3**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

4.       In light of the voluminous and complex nature of State Farm's complaint and omnibus nature of the Defendants' planned motion to dismiss, the Defendants request leave to exceed, by a reasonable 20 pages, the page limit generally applicable to motions in this Court.

## II.  MEMORANDUM

Under Local Rule 7.1(c)(2), absent leave of Court all motions are limited to 20 pages, not including title pages preceding the first page of text, tables of contents, tables of citations, "request for hearing" sections, signature pages, certificates of good faith conferences, and certificates of service. Due to the detailed statutory, regulatory, and factual background set forth in State Farm's complaint, the Defendants request leave to exceed the 20-page limit by 20 pages, creating a revised page limit of 40.  These extra pages are necessary for the Defendants to fully set forth their arguments for dismissal of State Farm's complaint.

"Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of the cases." *Burden v. BTI Employee Screening Serv., Inc.*, 248 F.3d 1138, at *1 (5th Cir. 2001); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1306 (11th Cir. 2009).  Further, under Fed. R. Civ. P. 83(b), "[a] judge may regulate practice in any manner consistent with" the federal law and the district court's local rules.

Given this authority, the Court should permit the Defendants to exceed the page limitation for their motion to dismiss.  As noted, the Defendants plan to file a single, omnibus motion to dismiss on behalf of all Defendants.  Had these Defendants filed individual motions within the Court's standard page limitation, the total filings could have reached 400 pages, and would have precipitated multiple responses from State Farm.  Thus, the efficient and orderly disposition of this case will be greatly aided by the filing of a single, omnibus motion to dismiss, even if the page limit for that motion is modestly increased.  Further, by allowing the Defendants sufficient space to thoroughly present

Page **2** of **3**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

their arguments at this stage of the litigation, the Court will facilitate the process of narrowing or eliminating the issues in this case, thereby creating additional efficiencies.

Undersigned counsel sought State Farm's views regarding the relief requested herein via email and by telephone on September 4, 2019, and State Farm does not oppose the relief requested herein.

WHEREFORE, Defendants respectfully request the Court to grant the relief requested herein and enlarge the page limitation of Local Rule 7.1(c)(2) to 40 pages for the Defendants' motion to dismiss, and grant such further relief as the Court deems just and proper.

September 4, 2019                                    Respectfully submitted,

**FUERST ITTLEMAN DAVID & JOSEPH**
*Attorneys for Defendants*
SunTrust International Center
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile: (305) 371-8989
Email: ajoseph@fidjlaw.com
Email: aittleman@fidjlaw.com
Email: crajotte@fidjlaw.com
Secondary Email: lcabrera@fidjlaw.com

By: /s/ Allan A. Joseph
Allan A. Joseph
Florida Bar No.: 893137
Andrew S. Ittleman
Florida Bar No.: 0802441
Christopher Rajotte
Florida Bar No.: 107742

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2019, the foregoing document is being served on the all counsel of record, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing through the CM/ECF system.

By: /s/ Christopher Rajotte
Christopher Rajotte

Page **3** of **3**

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM