## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-22487-RS |
| | ) | |
| MARK CERECEDA, D.C., | ) | |
| MARIA CRISTINA CRESPO-SMITH, M.D., | ) | Hon. Rodney Smith |
| NESTOR JAVECH, M.D., | ) | |
| ROBERTO MOYA, M.D., | ) | Magistrate Lauren Fleischer Louis |
| ROY CANIZARES, D.C., | ) | |
| EDGAR FACUSEH, D.C., | ) | **JURY DEMAND** |
| PATRICK FENELUS, D.C., | ) | |
| THOMAS HABAN, D.C., | ) | |
| KARIM HABAYEB, D.C., | ) | |
| JOHN ROSS, D.C., | ) | |
| MICHAEL SCHULMAN, D.C., | ) | |
| RICHARD YOHAM, D.C., | ) | |
| CEDA ORTHOPEDIC GROUP, LLC, | ) | |
| CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF CUTLER BAY, LLC, | ) ) | |
| CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF DOWNTOWN/LITTLE HAVANA, L.L.C., | ) ) ) | |
| CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF F.I.U/KENDALL, L.L.C., | ) ) | |
| CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF HIALEAH, L.L.C., | ) ) | |
| CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF SOUTH MIAMI, L.L.C., | ) ) | |
| PHYSICIANS CENTRAL BUSINESS OFFICE, L.L.C., and | ) ) | |
| SPRINGS CROSSING IMAGING, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED MOTION FOR AMENDED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.1, Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and Defendants Mark Cereceda, D.C., Maria Cristina Crespo-Smith, M.D., Nestor Javech, M.D., Roberto Moya, M.D., Roy Canizares, D.C., Edgar Facuseh, D.C., Patrick Fenelus, D.C., Thomas Haban, D.C., Karim Habayeb, D.C., John Ross, D.C., Michael Schulman, D.C., Richard Yoham, D.C., Ceda Orthopedic Group, LLC, Ceda Orthopedics & Interventional Medicine of Cutler Bay, LLC, Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C., Ceda Orthopedics & Interventional Medicine of F.I.U/Kendall, L.L.C., Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C., Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C., Physicians Central Business Office, L.L.C., and Springs Crossing Imaging, L.L.C. (collectively, "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), respectfully submit this Agreed Motion for Amended Scheduling Order.  In support thereof, the Parties state as follows:

## I.    INTRODUCTION

On June 14, 2019, Plaintiffs filed their Complaint against Defendants seeking compensatory damages of more than $4 million and declaratory relief for allegedly fraudulent chiropractic, physical therapy, and diagnostic imaging services provided by Defendants.  *See* ECF No. 1.  Plaintiffs allege in their Complaint that Defendants' services across more than 900 patients from 2015 through the present are medically unnecessary because they are performed pursuant to a fraudulent treatment protocol, and unlawful because the Defendant clinics operate in violation of Florida's licensure laws relating to health care clinics.  *Id.*

2

The Complaint presents complex issues involving 20 Defendants consisting of six medical clinics, an MRI facility, and their owner, a billing company, and eleven physicians and chiropractors named as Defendants who provided services to more than 900 patients at issue across nearly 800 claims over a four-year period, as well as numerous other nonparties (*e.g.*, other providers, clinic staff, chiropractic and physician assistants, billing clerks, office managers, referral services, and personal injury attorneys) who were involved in the services at issue.

On September 9, 2019, Defendants moved to dismiss the Complaint.  *See* ECF No. 62. Plaintiffs filed their response brief on October 23, 2019.  *See* ECF No. 72.  On November 6, 2019, Defendants submitted their reply brief.  *See* ECF No. 75.  To date, the Court has not ruled on the pending motion to dismiss, and Defendants have not filed their answers or any affirmative defenses.

On September 24, 2019, the Court entered its Scheduling Order and set this case for trial during the Court's March 2021 Trial Calendar which commences on March 29, 2021 with a Calendar Call to occur on March 23, 2021.  *See* ECF No. 70.  The Scheduling Order further provides, among other things, a deadline of January 17, 2020 for the Parties to amend the pleadings or add additional parties, a fact discovery cutoff date of July 24, 2020, and an expert discovery closure date of August 7, 2020.  *Id.*

Given the size and scope of the issues raised in the Complaint, the Parties have been working diligently and in good faith to conduct extensive written discovery regarding the claims and defenses at issue, as well as to answer and produce responsive documents before the relevant deadlines expire.  However, in light of these rapidly approaching deadlines, the scope and the factual discovery related to the allegations in the Complaint, the need for the Parties to convert and produce thousands of pages of materials from proprietary software, and in the interest of

efficiency and convenience for the Court and the Parties, the Parties propose amending the Scheduling Order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Joinder of any additional parties and filing of motion to amend the complaint | January 17, 2020 | April 17, 2020 |
| Written lists containing the names and addresses of all fact witnesses intended to be called at trial | May 15, 2020 | October 28, 2020 |
| Plaintiffs shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | June 16, 2020 | November 9, 2020 |
| Defendants shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | July 7, 2020 | November 24, 2020 |
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | July 21, 2020 | December 7, 2020 |
| Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation | March 27, 2020 | August 7, 2020 |
| Fact discovery shall be completed by | July 24, 2020 | December 9, 2020 |
| Expert discovery shall be completed by | August 7, 2020 | December 23, 2020 |
| Dispositive motions, including summary judgment and *Daubert* | October 9, 2020 | February 23, 2021 |
| Mediation shall be completed | August 28, 2020 | January 13, 2021 |
| All pretrial motions and memoranda of law, including motions *in limine* | November 27, 2020 | April 13, 2021 |
| Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law | March 19, 2021 | August 3, 2021 |
| Electronic versions of documentary exhibits and Certificate of Compliance re: Admitted Evidence | March 26, 2021 | August 10, 2021 |

The reasons necessitating this short enlargement of time are described next.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.1, a district court is empowered to amend a scheduling order for good cause. *See, e.g.*, *Watts v. Club Madonna,*

*Inc.*, 2019 WL 3731311, at *2 (11th Cir. Aug. 8, 2019).   Under Rule 16(b)(4), it is well established that good cause to amend exists if the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension.  *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).   District courts have broad discretion in deciding whether to grant an extension.  *See Watts*, 2019 WL 3731311, at *2 ("[W]e stress the broad discretion district courts have in managing their cases [and] ensur[ing] that their cases move to a reasonably timely and orderly conclusion.  This discretion is not wholly unfettered, but it is and must be broad.") (internal quotation omitted).

## III.   GOOD CAUSE FOR AMENDING THE SCHEDULING ORDER EXISTS

Good cause for extending the deadlines set forth in the Scheduling Order exists in this case.  To begin, the Parties have exchanged substantial written discovery.  Indeed, on October 11, 2019, Plaintiffs propounded their first round of discovery requests, which included fifteen sets of requests for production across all Defendants, individual requests to admit to Defendant Mark Cereceda, and fifteen sets of interrogatories across all Defendants, to which Defendants served their responses on November 12, 2019.   Defendants' responses raised a number of objections and issues that the Parties are working through with newly substituted counsel.  The answers and documents Plaintiffs seek from Defendants are necessary to support the causes of action alleged in the Complaint, as well as identify nonparties who may be responsible for or were substantially involved in the conduct at issue, among other issues.

In addition, on October 22, 2019 Defendants propounded two sets of interrogatories consisting of 44 separate interrogatories, to which Plaintiffs responded on November 21, 2019. Defendants also propounded 160 requests for production on October 22, 2019 and November 18, 2019, to which Plaintiffs responded on December 6, 2019 and December 18, 2019, respectively.

5

Given the wide-ranging nature of Defendants' requests for production, which seek Plaintiffs' claim files for each of the 900 patients at issue in this action, internal investigative materials, and a variety of other documents, Plaintiffs require time to collect potentially responsive material, perform an extensive review of documents and electronically stored information, produce responsive documents, and log materials withheld on the basis of privilege.  To that end, Plaintiffs recently discovered an issue involving their collection of the nearly 800 claim files at issue, which Plaintiffs had intended to review and produce to Defendants pursuant to their discovery requests.  The issue required Plaintiffs to recollect and process all claim files associated with the more than 900 patients at issue in this case for review.  Plaintiffs have been working expeditiously to process and review claim files so that they may be reviewed and produced to Defendants on a rolling basis, but the size and scope of the claim files at issue will require time.  Plaintiffs have already requested documents from Defendants that reside in a proprietary software, and the Parties will need time to discuss the most efficient means to convert and produce copies of those documents.

Given the scope of this discovery, the Parties have already conducted several lengthy meet-and-confer conferences on November 26, 2019, December 9, 2019, December 16, 2019, and January 6, 2020 to efficiently effectuate the production of responsive documents and attempt to resolve the Parties' various objections.  Because of the number of discovery requests that have been served, the Parties' discussions are ongoing as they continue their efforts to narrow the scope of any potential discovery dispute that may need to be presented to the Court.

Moreover, on December 4, 2019 Defendants' counsel – Fuerst Ittleman David & Joseph – informed Plaintiffs that Defendants desired to obtain new counsel.  Defendants subsequently retained Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, who filed a motion for substitution

on December 11, 2019.  Since joining the lawsuit new counsel has had to review and analyze all of Defendants' objections and responses to Plaintiffs' written discovery requests to be able to participate meaningfully in the meet-and-confer process, as well as review Plaintiffs' responses to both sets of Defendants' interrogatories and requests for production.  As the Parties continue to work diligently and cooperatively through the meet-and-confer process, Defendants' new counsel has been revisiting prior written responses and has agreed to amend Defendants' objections and responses to Plaintiffs' discovery requests which, as Plaintiffs understand, will considerably narrow the scope of potential disputes that may need to be presented to the Court for resolution.

In light of these unforeseen events, the Parties cannot properly prepare the case for trial in the time provided in the Court's September 24, 2019 Scheduling Order.  The Parties request a short five-month extension to the existing Scheduling Order to facilitate the Parties' efforts to continue to work cooperatively and efficiently during this phase of written discovery and document production.  Despite the Parties' diligence there is considerable discovery left to be done to fully develop the claims and defenses at issue in this complex fraud action.  The dates reflected in the proposed Amended Scheduling Order take into account these complexities and not only permit the Parties to fully and fairly prepare their claims and defenses, but will also lead to the most efficient use of Party and Court resources.

In sum, for all of the foregoing reasons the Parties jointly move the Court for additional time to allow the Parties to engage in discovery and otherwise prepare the case for trial.

This Motion is brought in good faith, not filed for purposes of delay, and the relief requested herein will not prejudice any Party to this action.

7

WHEREFORE, the Parties respectfully request that the Court enter the proposed Amended Scheduling Order, attached hereto as Exhibit A.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned counsel certifies that on January 6, 7, 10, and 13 2020, they conferred by telephone and email and jointly agree to the relief sought herein.

Dated: January 13, 2020                    Respectfully submitted,

By: */s/ David I. Spector*
DAVID I. SPECTOR, ESQ.
Fla. Bar No. 086540
david.spector@hklaw.com
JOSEPH F. VALDIVIA, ESQ.
Fla. Bar No. 0107878
joseph.valdivia@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000
Facsimile:  (561) 650-8399

– and –

ROSS O. SILVERMAN
ross.silverman@katten.com
(*admitted pro hac vice*)
ERIC T. GORTNER
eric.gortner@katten.com
(*admitted pro hac vice*)
JOHN W. REALE
john.reale@katten.com
(*admitted pro hac vice*)
JOHN T. LEPORE
john.lepore@katten.com
(*admitted pro hac vice*)
MICHAEL J. POWERS

michael.powers@katten.com
(*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Attorneys for Plaintiffs*

*/s/ Adam M. Foslid*
ADAM M. FOSLID
Florida Bar No. 0682284
afoslid@sfslaw.com
RYAN K. STUMPHAUZER
Florida Bar No. 0012176
rstumphauzer@sfslaw.com
STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard
Suite 1600
Miami, Florida 33131
Tel.: (305) 614-1400
Fax: (305) 614-1425

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2020 the foregoing document will be served on all counsel of record via CM/ECF.

By: *David I. Spector*
DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000
Facsimile:  (561) 650-8399

*Attorneys for Plaintiffs*