# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:19-cv-22487-RS ) |
| MARK CERECEDA, D.C., MARIA CRISTINA CRESPO-SMITH, M.D., NESTOR JAVECH, M.D., ROBERTO MOYA, M.D., ROY CANIZARES, D.C., EDGAR FACUSEH, D.C., PATRICK FENELUS, D.C., THOMAS HABAN, D.C., KARIM HABAYEB, D.C., JOHN ROSS, D.C., MICHAEL SCHULMAN, D.C., RICHARD YOHAM, D.C., CEDA ORTHOPEDIC GROUP, LLC, CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF CUTLER BAY, LLC, CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF DOWNTOWN/LITTLE HAVANA, L.L.C., CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF F.I.U/KENDALL, L.L.C., CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF HIALEAH, L.L.C., CEDA ORTHOPEDICS & INTERVENTIONAL MEDICINE OF SOUTH MIAMI, L.L.C., PHYSICIANS CENTRAL BUSINESS OFFICE, L.L.C., and SPRINGS CROSSING IMAGING, L.L.C., | ) ) Hon. Rodney Smith ) ) Magistrate Lauren Fleischer Louis ) ) **JURY DEMAND** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs"), respectfully submit this Unopposed Motion for Leave to File a First Amended Complaint ("Motion")[1]. In support thereof, Plaintiffs state as follows:

### I.   INTRODUCTION

The original Complaint details an insurance fraud scheme designed and carried out by Defendants to fraudulently obtain more than $4 million in personal injury protection and medical payment coverage benefits (collectively, "No-Fault Benefits") from Plaintiffs. Defendants' scheme involves the preparation and submission of thousands of bills and supporting documentation for services performed at entities owned and controlled by Cereceda, which were purportedly provided to more than 900 individuals involved in auto accidents and eligible for No-Fault Benefits under Plaintiffs' insurance policies. These services were not lawfully rendered and were not medically necessary.

Plaintiffs seek leave to file their FAC to allege a new cause of action under Florida's Patient Self-Referral Act (Fla. Stat. § 456.053) based upon the unlawful self-referral arrangement Cereceda implemented at his clinics (*i.e.*, the Cereceda Clinics and Ceda Ortho Group), which funnels patients of these clinics to entities Cereceda owns and controls (*i.e.*, Springs Crossing MRI and Ceda Ortho South Miami) to receive diagnostic services such as MRIs and CT scans. This cause of action seeks recovery for all services rendered in violation of the Patient Self-Referral Act. The FAC seeks to add factual allegations supporting the cause of action brought under the Patient Self-Referral Act. Additionally, Plaintiffs seek to add Defendants' violation of

---

[1] Pursuant to Local Rule 15.1, the First Amended Complaint ("FAC") is attached hereto as Exhibit 1.

the Patient Self-Referral Act as a basis for finding the Defendant clinics operate in violation of Florida's Health Care Clinic Act, Fla. Stat. § 400.9905 *et seq*. ("HCCA"), as well as grounds for Plaintiffs' common law claims for fraud, unjust enrichment, civil conspiracy, aiding and abetting fraud, declaratory relief, and statutory claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUTPA").[2]

As set forth in more detail below, the Court should grant Plaintiffs leave to file their FAC. Granting Plaintiffs leave to amend the Complaint is consistent with the Eleventh Circuit's liberal policy toward amendment where, as here, there has been no undue delay or bad faith, the amendment is timely under the Court's Scheduling Order, and Defendants will suffer no undue prejudice. Indeed, the action is still in its early stages, fact discovery does not close for six months, the parties have not yet produced documents or scheduled or taken any depositions, and Defendants have not answered the original complaint. Moreover, as detailed below, Plaintiffs' proposed amendment is well pleaded and would not be futile. In fact, similar allegations and claims relating to unlawful self-referrals against Cereceda, the Cereceda Clinics, Springs Crossing MRI, and the Defendant providers at issue here were recently upheld in this District. Accordingly, the Motion should be granted.

## II. RELEVANT BACKGROUND

### A. Overview Of The Original Complaint

The Complaint details Defendants' fraud scheme, which involves purportedly providing chiropractic, physical therapy, and other services to more than 900 of Plaintiffs' insureds. These services were not medically necessary because Defendants did not legitimately examine, diagnose, or treat each patient, but subjected them to a fraudulent "Predetermined Protocol" for

---

[2] The proposed FAC does not seek to add new parties to this action.

financial gain. The Predetermined Protocol includes: (a) failing to legitimately examine patients to determine the true nature and extent of their injuries; (b) documenting a litany of diagnoses for each patient, most often ten or more per patient; (c) falsely documenting that nearly all patients had sustained an emergency medical condition to maximize Defendants' collection of No-Fault Benefits; (d) providing medically unnecessary goods to nearly all patients; (e) implementing a treatment plan consisting of six or more modalities on nearly all visits for nearly all patients; (f) ordering, providing, and billing for medically unnecessary x-rays, MRIs, and/or CT scans to support the purported need for the Predetermined Protocol and the existence of conditions that could support the patients' tort claims; (g) treating patients until they unilaterally stop the treatment, or their No-Fault Benefits are exhausted or substantially reduced; (h) submitting documents to Plaintiffs falsely representing the services and goods were medically necessary and lawfully rendered when, in fact, they were not; and (i) performing final examinations in which nearly every patient is reportedly permanently impaired.

The Complaint also alleges the services Defendants purportedly provided to Plaintiffs' insureds were unlawful, and the charges for those services were therefore noncompensable and unenforceable, because the Defendant clinics are operating in violation of the HCCA, and do not qualify for an exemption from the HCCA's licensure requirements. *See* Fla. Stat. §§ 400.9905(4)(g), 400.9935(3), 627.732(11), 627.736(5)(b)(1)(b)-(c), and 627.736(5)(h)(3). Specifically, Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI did not apply for and obtain a license to establish and operate a clinic pursuant to the HCCA. Instead, these clinics obtained an exemption from licensure from Florida's Agency for Health Care Administration by attesting that, pursuant to Fla. Stat. § 400.9905(4)(g), Cereceda wholly owns Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI, supervises their business

activities; and was legally responsible for their compliance with all federal and state laws. Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI do not qualify for the HCCA license exemption because, since at least June 2015, Cereceda has not fulfilled his statutory duties to supervise the business activities of Ceda Ortho Group, the Cereceda Clinics, and Springs Crossing MRI and ensure they comply with all federal and state laws, including Fla. Stat. § 627.736 *et seq.*

The Complaint seeks to recover damages pursuant to claims for common law fraud, unjust enrichment, civil conspiracy, aiding and abetting fraud, and FDUTPA. Through these claims, the Complaint seeks more than $4 million in No-Fault Benefits Plaintiffs paid to Defendants. In addition, the Complaint seeks declaratory relief that the Defendant clinics are not entitled to payment for any unpaid or allegedly underpaid charges based on Defendants' fraudulent and unlawful scheme.

      **B.**    **The FAC Details Defendants' Unlawful Self-Referrals**

           **1.**    **Florida's Patient Self-Referral Act**

As detailed in paragraphs 131 and 132 of the FAC, the Patient Self-Referral Act prohibits health care providers from referring patients for designated health care services to any entity in which the health care provider is an investor or has an investment interest, subject to thirteen exceptions set forth in Fla. Stat. § 456.053(3)(o), none of which apply to Defendants. *See* Fla. Stat. § 456.053(5). The Patient Self-Referral Act also prohibits health care providers from submitting any claim for payment to any entity, including third-party payors, for services rendered pursuant to an unlawful self-referral. Fla. Stat. § 456.053(5)(c). Moreover, a provider that collects any amount billed for services that were the product of an unlawful self-referral must "refund such amount on a timely basis." Fla. Stat. § 456.053(5)(d). Importantly, under the

Patient Self-Referral Act, health care providers include chiropractors, such as Cereceda, and designated health care services include MRIs, such as those provided by Springs Crossing MRI, and CT scans, such as those provided by Ceda Ortho South Miami. *See* Fla. Stat. § 456.053(3)(c) and (i).

### 2. The FAC Alleges Violations Of The Patient Self-Referral Act

Paragraph 135 of the FAC alleges that since Cereceda formed Springs Crossing MRI in 2015, the vast majority of patients who received an MRI pursuant to a referral from the Cereceda Providers received their MRIs at Springs Crossing MRI. The FAC alleges that because Cereceda directs the Cereceda Providers and/or staff who work for or on behalf of Ceda Ortho Group and the Cereceda Clinics to refer patients for MRIs at Springs Crossing MRI, an entity Cereceda owns and controls, these MRIs were not lawfully rendered and were not compensable pursuant to Fla. Stat. §§ 627.732(11), 627.736(1)(a)(1), (5)(a), and (5)(b)(1)(b) and (c). The FAC further alleges it was a violation of the Patient Self-Referral Act for Springs Crossing MRI to present claims for payment for these MRIs to Plaintiffs, to collect such payments, and not to refund them to Plaintiffs. *See* Fla. Stat. § 456.053(5)(c) and (d). The FAC includes patient-specific examples of the unlawful self-referrals for MRIs, and details in Exhibit 4A the patients at issue who received the unlawful MRIs.

Similarly, paragraph 137 of the FAC alleges the vast majority of patients who received a CT scan pursuant to a referral from the Cereceda Providers received their CT scans at Ceda Ortho South Miami. The FAC alleges that because Cereceda directs the Cereceda Providers and/or staff who work for or on behalf of Ceda Ortho Group and the Cereceda Clinics to refer patients for CT scans at Ceda Ortho South Miami, an entity Cereceda owns and controls, these CT scans were not lawfully rendered and were not compensable pursuant to Fla. Stat. §§

627.732(11), 627.736(1)(a)(1), (5)(a), and (5)(b)(1)(b) and (c). The FAC further alleges it was a violation of the Patient Self-Referral Act for Ceda Ortho South Miami to present claims for payment for these CT scans to Plaintiffs, to collect such payments, and not to refund them to Plaintiffs. *See* Fla. Stat. § 456.053(5)(c) and (d). The FAC includes patient-specific examples of the unlawful self-referrals for CT scans, and details in Exhibit 4B the patients at issue who received the unlawful CT scans.

### 3. The FAC's Cause of Action Under The Patient Self-Referral Act

Count Nine of the FAC seeks damages of more than $650,000 from Cereceda, Springs Crossing MRI, and Ceda Ortho South Miami for these Defendants' violations of the Patient Self-Referral Act. (FAC ¶ 187-91.) Specifically, Count Nine pleads that "Cereceda, Springs Crossing MRI, and Ceda Ortho South Miami violated the Patient Self-Referral Act by submitting, or causing to be submitted, bills for payment to [Plaintiffs] that were rendered pursuant to unlawful self-referrals." (*Id.* ¶ 189.) And "[b]ecause Springs Crossing MRI and Ceda Ortho South Miami received payments from [Plaintiffs] for MRIs and CT scans that were rendered pursuant to unlawful self-referrals and Springs Crossing MRI and Ceda Ortho South Miami were not allowed to submit bills for payment, they were therefore obligated to refund those payments under the Patient Self-Referral Act." (*Id.* ¶ 189.)

## III. LEGAL ANALYSIS

### A. Applicable Standards

Leave to amend a complaint should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). As the Eleventh Circuit has consistently recognized, "leave to amend should be liberally granted when necessary in the interests of justice." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts*, 209 F. App'x 931, 934 (11th Cir. 2006). "[U]nless there is a

substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Smith v. Beverly Hills Club Apartments, LLC*, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (internal quotation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (same). Specifically, leave should not be denied unless there is "undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (internal citation omitted); *see also Mills v. Gen. Dynamics Info. Tech., Inc.*, 2018 WL 6321588, at *2 (M.D. Fla. Dec. 3, 2018) (granting motion to amend after explaining that "a court should only deny motions to amend where it finds undue delay, bad faith, undue prejudice, or futility").

    **B.    There Has Been No Undue Delay Or Bad Faith In Seeking Leave To File The FAC**

Plaintiffs have been diligent in prosecuting this action and have not unduly delayed or displayed bad faith in seeking leave to file the FAC. To the contrary, Plaintiffs' Motion is within the time set by the Court. *See* ECF No. 70, setting a January 17, 2020 deadline to move to amend the Complaint.

Indeed, when an action is in its early stages – like the instant case – leave to amend is freely given even after the deadline to amend. *See, e.g.*, *Fla. Family Ass'n, Inc. v. Sch. Bd. of Hillsborough Cty.*, 2006 WL 8440103, at *2 (M.D. Fla. June 14, 2006) ("[w]hile motions to amend are disfavored after the entry of a scheduling order, the [c]ourt finds that given that this case is still in the early stages, leave to amend should not be denied on this basis"); *Jean-Baptiste v. Bus. Law Grp., P.A.*, 2016 WL 4667858, at *1 (M.D. Fla. Sept. 7, 2016) ("[t]he case is in its infancy, discovery has not yet taken place, and the [c]omplaint describes a complex factual situation regarding multiple communications and business relationships between the parties").

8

The discovery in this case is in its early stages. On September 10, 2019, the Parties exchanged Rule 26(a)(1) disclosures. The Court entered the Scheduling Order on September 24, 2019, which allowed the parties to begin their discovery efforts thereafter. ECF No. 70. On October 11, 2019, Plaintiffs served all 20 Defendants with extensive written discovery – interrogatories, requests for production, and, for Cereceda alone, requests to admit. Defendants served their written responses and objections on November 12, 2019. Among other issues, Plaintiffs' written discovery sought documentary and other information concerning the referral of Defendant-clinic patients for diagnostic services at entities owned and controlled by Cereceda, and the recently obtained discovery responses support the unlawful self-referral violations alleged in the FAC. Nonetheless, the parties are still conferring over Defendants' responses and objections to the written discovery and have not produced documents.[3]

Ultimately, the FAC contains a lengthy and detailed account of Defendants' complex and expansive wrongdoing, including the newly-added self-referral allegations and related cause of action. There has been no delay in seeking to amend the complaint. Thus, the amendment should be allowed.

### C. Defendants Will Not Be Unduly Prejudiced By The Filing Of The FAC

Defendants are not unduly prejudiced by the filing of the FAC. First, as noted above, this action is still in its early stages, and fact discovery does not close until July 24, 2020. *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987) (finding "no evidence that [the nonmoving party] would be prejudiced by the timing of the proposed amendment[,]" given that "this suit is still in its early stages"). Indeed, because the written discovery Plaintiffs served on Defendants sought information regarding the referral of Defendant-clinic patients for

---

[3] *See* ECF No. 89, Agreed Motion for Amended Scheduling Order, which details the parties' discovery efforts and challenges to date.

diagnostic services at entities owned and controlled by Cereceda, and to which Defendants have responded, Defendants would not suffer any undue prejudice or surprise as a result of the new allegations contained in FAC.  Second, although the parties have been working diligently in discovery, none of the documents relevant to these new allegations have been exchanged.  Third, the parties have not scheduled or taken any depositions, and thus no depositions would need to be retaken or supplemented.  *See, e.g., Quach, v. CVS Pharmacy, Inc.*, 2014 WL 524042, at*3 (N.D. Cal. Feb. 6, 2014) (finding no prejudice where "trial is ten months away, discovery is ongoing, and no depositions had been taken at the time . . . motion for leave" was filed).  Defendants have also not filed their answers or any affirmative defenses.

Furthermore, Defendants cannot show the FAC would put them "at an unfair disadvantage."  *See In re Osage Expl. Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984) ("[t]he type of prejudice that warrants denial of leave to amend a complaint is usually such that it puts a defendant at an unfair disadvantage").  And because the conduct alleged in the FAC arises out of the same transactions and conduct described in the original Complaint and the written discovery already placed Defendants on notice of the potential issues, the inclusion of the self-referral allegations and corresponding cause of action in the FAC will not result in increased costs to litigate the action.  The FAC would, however, allow Plaintiffs to fully litigate their claims and hold responsible the individuals and entities who perpetrated and profited from the fraud, including the unlawful self-referrals.

      **D.**    **The Proposed Amendment Is Not Futile**

The proposed self-referral allegations and corresponding cause of action reflected in the FAC are not futile.  As the Southern District has recognized, an amendment is not futile unless it is "clearly insufficient or frivolous on its face."  *Montes v. M & M Mgmt. Co.*, 2015 WL

11254703, at *1 (S.D. Fla. May 12, 2015). The proposed amendment easily clears this hurdle because Plaintiffs' self-referral allegations are, as the FAC details, factually supported by Defendants' own bills and documentation. Moreover, claims brought under the Patient Self-Referral Act – like Court Nine of the FAC – are consistently recognized as a viable cause of action. In fact, in another matter currently pending in this District, Geico brought an action against Cereceda, the Cereceda Clinics, Springs Crossing MRI and other defendants for, among other things, Defendants' unlawful self-referrals for diagnostic services to entities owned and controlled by Cereceda. *See Gov't Employees Ins. Co. v. Mark Cereceda, D.C.*, Case No. 1:19-CV-22206-CMA, Dkt. 1 (S.D. Fla. May 30, 2019). On November 19, 2019, Judge Altonaga denied the defendants' motion to dismiss for the reasons stated on the record. *See id.* Dkt. 72; *see also* ECF No. 88, Notice of Supplemental Authority. Thus, any argument that the FAC is futile should be rejected.

### IV. CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion and grant Plaintiffs leave to file the proposed FAC, attached hereto as Exhibit 1.

### LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned counsel certifies that on January 17 2020, they conferred by telephone and email with counsel for Defendants who do not object to the relief sought herein.

Dated: January 17, 2020

Respectfully submitted,

By: */s/ David I. Spector*
DAVID I. SPECTOR, ESQ.
Fla. Bar No. 086540
david.spector@hklaw.com

11

JOSEPH F. VALDIVIA, ESQ.
Fla. Bar No. 0107878
joseph.valdivia@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

– and –

ROSS O. SILVERMAN
ross.silverman@katten.com
(*admitted pro hac vice*)
ERIC T. GORTNER
eric.gortner@katten.com
(*admitted pro hac vice*)
JOHN W. REALE
john.reale@katten.com
(*admitted pro hac vice*)
JOHN T. LEPORE
john.lepore@katten.com
(*admitted pro hac vice*)
MICHAEL J. POWERS
michael.powers@katten.com
(*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020 the foregoing document will be served on all counsel of record via CM/ECF.

By: *David I. Spector*
DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399

*Attorneys for Plaintiffs*