UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22487-SMITH/LOUIS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al*,

    Plaintiffs,

v.

MARK CERECEDA, D.C., *et al*,

    Defendants.

_____/

## ORDER DENYING MOTION FOR INJUNCTION

This matter is before the Court on Plaintiffs' Motion for All Writs Act Injunction [DE 5]. Plaintiffs are seeking an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, to prohibit Defendants from "filing any new suits or commencing any proceedings against [Defendants] or their insureds related to the provision of health care services that are the subject of this action." (DE 5 at 1.) The Court has carefully reviewed the Motion, Defendants' Response [DE 53], Plaintiffs' Reply [DE 75], the relevant case law, and the record as a whole. For the reasons set forth below, Plaintiffs' Motion is denied.

**I.    BACKGROUND**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company have initiated this lawsuit against Mark Cereceda, his owned medical clinics and entities, and several physicians and chiropractors who work for him[1]. Plaintiffs are insurance

---

[1] The named Defendants are Mark Cereceda, D.C., Maria Cristina Crespo-Smith, M.D., Nestor Javech, M.D., Roberto Moya, M.D., Roy Canizares, D.C., Edgar Facuseh, D.C., Patrick Fenelus, D.C., Thomas Haban, D.C., Karim Habayeb, D.C., John Ross, D.C., Michael Schulman, D.C., Richard Yoham, D.C., Ceda Orthopedic Group, LLC, Ceda Orthopedics & Interventional

1

companies that provide personal injury protection ("PIP") and medical payment coverage ("MPC") benefits (collectively, "No-Fault Benefits"). Plaintiffs allege that Defendants, collectively and in concert, exploit patients' No-Fault Benefits by submitting to Plaintiffs fraudulent bills and supporting documentation for services that were not medically necessary or lawfully rendered and, as a result, fraudulently obtained from them more than $4 million.

Defendants' purported scheme is set against the backdrop of Florida's Motor Vehicle No-Fault Law, Sections 627.730–627.7405 of the Florida Statutes (the "PIP Statute"), which requires automobile insurers like Plaintiffs to provide PIP benefits to insureds for "reasonable, necessary, related and lawful treatment, without regard to fault." *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B & A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1163 (S.D. Fla. 2015) (citing PIP Statute). Covered medical benefits include reimbursement only for "services and care that are lawfully provided, supervised, ordered or prescribed." Fla. Stat. § 627.736(1)(a)(1). To that end, Florida's No-Fault Law provides that "[a]n insurer . . . is not required to pay a claim or charges . . . [f]or any service or treatment that was not lawful at the time rendered." Fla. Stat. § 627.736(5)(b)(1)(b). Further, under the PIP Statute, "[a] statement of medical services may not include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services." Fla. Stat. § 627.736(5)(d). An insurer is not required to pay a claim that is "not substantially" compliant with this requirement. Fla. Stat. § 627.736(5)(b)(1)(d). Insurers are required to pay or deny claims for No-Fault Benefits within 30 days and may be ordered to pay interest and attorneys' fees if they fail to pay the full

---

Medicine of Cutler Bay, LLC, Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C., Ceda Orthopedics & Interventional Medicine of F.I.U/Kendall, L.L.C., Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C., Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C., Physicians Central Business Office, L.L.C., and Springs Crossing Imaging, L.L.C.

amount owed within that period. *See* Fla. Stat. § 627.736(4)(b) and (d). If they don't, then medical providers such as Defendants may file suit in Florida state court to recover monies owed (a "PIP suit").

Plaintiffs filed their complaint on June 14, 2019 [DE 1] and amended it on January 23, 2020 [DE 93]. The Amended Complaint contains counts for common law fraud; unjust enrichment; civil conspiracy; aiding and abetting fraud; FDUTPA violations; Patient Self-Referral Act violations; and, relevant here, declaratory relief finding that Plaintiffs are not liable for any pending charges for services performed at Cereceda's clinics and submitted to Plaintiffs "to date and through the trial of this case." (Am. Compl. [DE 93] ¶¶ 178, 182, 186.)

The instant motion asks this Court to enjoin Defendants from filing any future PIP suits or commencing any proceedings relating to services rendered by Cereceda's clinics. Plaintiffs seek an injunction not under the traditional framework set forth in Rule 65 of the Federal Rules of Civil Procedure, but pursuant to the Court's authority under the All Writs Act. Therefore, the Court analyzes Plaintiffs' request for relief under this statute and the relevant authorities.

## II. DISCUSSION

Pursuant to the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act is a codification of the powers traditionally exercisable by courts in equity, *see Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 326 n.8, and permits a court to "safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1324 (S.D. Fla. Jan. 8, 2008) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004)). While traditional injunctions are based

on a cause of action, an injunction under the All Writs Act is based upon some auxiliary matter upon which the district court has jurisdiction. *Klay*, 376 F.3d at 1100. Therefore, an injunction under the All Writs Act differs from a traditional injunction because it does not require a party to state a claim. *Id.* Instead, "it must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.*

The Court's authority to enjoin pending state proceedings is limited by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute bears mention because Defendants have devoted a significant portion of their opposition brief to the application of the Anti-Injunction Act to the issue at hand and its preclusive effect over the Court's ability to halt state court proceedings. However, Plaintiffs are seeking an order enjoining Defendants from filing <u>future</u> PIP suits in state court, not pending suits. It is well-settled that the Anti-Injunction Act does not prohibit injunction against the filing of new state court suits. *Dombrowski v. Pfister*, 380 U.S. 479, 485 n.2 (1965) ("[The Anti-Injunction Act] and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted."); *Riccard v. Prudential Ins. Co*, 307 F.3d 1277, 1299 n.16 (11th Cir. 2002); *Bank of America, N.A. v. McCann*, 444 F. Supp. 2d 1227, 1230 (N.D. Fla. 2006). Thus, the Anti-Injunction Act does not apply to Plaintiffs' sought injunction. However, even where the Anti-Injunction Act is inapplicable, "federal courts should not, of course, ignore the principles of equity, comity and federalism which might preclude an injunction against state proceedings." *Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1127 n.8 (8th Cir. 1982) (citing *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)).

Plaintiffs argue that Defendants must be enjoined from filing future PIP suits because otherwise Defendants could potentially utilize "piecemeal litigation" by filing "hundreds if not thousands of PIP suits in Florida courts," which would result in a waste of judicial resources. (Mot. [DE 5] at 9.) Plaintiffs contend that Defendants' systematic fraud is not apparent by examining their claims individually and in isolation, and can only be revealed by analyzing them as a whole, before this Court. Plaintiffs also argue that permitting Defendants to pursue piecemeal litigation in multiple forums for claims already before this Court will likely result in inconsistent rulings because multiple courts would be confronted with resolving similar factual and legal issues, an outcome which would thwart this Court's ability to preserve its jurisdiction and bring this action to an efficient and final resolution. Plaintiffs contend that overlapping issues between this action and any potential PIP suits include (1) whether Plaintiffs are entitled to recover amounts already paid for the services rendered to Defendants' patients, and (2) whether Plaintiffs are entitled to a declaratory judgment that they do not owe any additional amounts to Cereceda's clinics. Plaintiffs claim that an injunction will "promote judicial economy, create multiple efficiencies by decreasing the amount of time, effort, and expense incurred by the parties and witnesses, preserve comity among the courts, and serve the public by allowing this Court to resolve in one forum, at one time, whether Defendants are owed any No-Fault Benefits." (*Id.* at 12.)

Plaintiffs' arguments concerning judicial economy, efficiency, and the ability to prove their case, though understandable, do not relate to the sole purpose of the All Writs Act, which is to issue writs such as injunctions "in aid of [the Court's] jurisdiction[]." 28 U.S.C. § 1651(a). These reasons are unrelated to this Court's jurisdiction and therefore do not warrant consideration for the purpose of Plaintiffs' injunction motion. Thus, the Court will only examine whether an injunction is necessary to preserve its own jurisdiction.

5

Upon consideration, the Court finds that Plaintiffs have not met their burden to demonstrate that an injunction prohibiting Defendants from filing any future PIP suits at this juncture in the proceedings—a drastic measure—is necessary to safeguard its jurisdiction over the instant matter. To the extent that PIP suits are initiated in state court that cover the same legal issues as this case and may have a preclusive effect over a declaratory judgment in this Court, Plaintiffs can simply file a motion to stay the state court action pending the resolution of this federal action. Indeed, Plaintiffs' concerns are somewhat belied by their omission of any request seeking injunctive relief for any <u>currently</u> pending suits, as a judgment on the merits in any one of those suits would, by Plaintiffs' own logic, impede this Court's ability to enter a declaratory judgment. In any currently pending suits, as with future suits, a motion to stay is a much less drastic approach than for this Court to enjoin Defendants from filing all future PIP suits without even a determination that any fraudulent activity has occurred as alleged. Moreover, even if a state court did adjudicate an unfavorable decision to Plaintiffs before this Court did, any monies that were paid to Cereceda's entities during the pendency of the instant case would also be recoverable through Plaintiffs' fraud counts if it were determined that they were obtained by fraud. As such, an All Writs Act injunction here is simply unnecessary for the Court to safeguard its jurisdiction at the expense of disturbing the well-settled principles of federalism and comity. *See Nat'l City Lines, Inc.*, 687 F.2d at 1127 n.8.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for All Writs Act Injunction [DE 5] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of March, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record