UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE N O.: 19-CV-22487-SMITH/LOUIS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al*,

Plaintiffs,

vs.

MARK CERECEDA, D.C., *et al*,

Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Ceda Defendants'[1] Motion to Maintain Confidentiality of Documents (ECF No. 121). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge (ECF No. 70). Having reviewed Plaintiffs' Response (ECF Nos. 124, 127), the Ceda Defendants' Reply (ECF No. 128) and being duly advised in the matter, the undersigned hereby **GRANTS** the Motion as follows.

**I.    BACKGROUND**

A Stipulated Protective Order was previously entered in this case, which allowed the Parties to designate materials entitled to protection under applicable law as "Confidential" (ECF No. 82). In response to Plaintiffs' Request for Production, the Ceda Defendants Produced five

---

[1] The Ceda Defendants include Ceda Orthopedic Group, L.L.C., Ceda Orthopedics & Interventional Medicine of Cutler Bay, LLC, Ceda Orthopedics & Interventional Medicine of Downtown/Little Havana, L.L.C., Ceda Orthopedics & Interventional Medicine of F.I.U./Kendall, L.L.C., Ceda Orthopedics & Interventional Medicine of Hialeah, L.L.C., and Ceda Orthopedics & Interventional Medicine of South Miami, L.L.C.

agreements that they had entered into with 1-800-411-PAIN Referral Service, LLC ("411-PAIN") for advertising, marketing and referral services (the "Agreements"). These documents were designated as confidential under the Protective Order. Plaintiffs challenged these designations, and the Ceda Defendants now move to maintain the confidentiality of the Agreements.

According to the Ceda Defendants, these Agreements contain sensitive and proprietary business and financial information, including, but not limited to, pricing terms with an exclusive vendor (ECF No. 121 at 2). Moreover, the Ceda Defendants aver disclosure of these Agreements *without the pricing terms redacted*[2] could harm their ability to negotiate with outside vendors in the future and provide non-public information about their business operations to their competitors (*id*. at 2-3).

In Response, Plaintiffs contend that the 411-PAIN Agreements are not properly designated as confidential because they are expired agreements with a defunct entity, and thus should not be afforded protection under the law. Moreover, Plaintiffs argue that allowing these Agreements to be maintained under seal would be burdensome, for Plaintiffs would have to seek leave to file motions to seal anytime they file pleadings or motions reflecting or referencing information contained in these Agreements, as well as impede on the public's right to access judicial records whenever Plaintiffs seek to file such materials in pleadings or motions. Notably, however, and as raised in the Ceda Defendants' Reply, Plaintiffs have not yet sought to utilize these Agreements in any pleadings or motions beyond their response to the instant Motion.

---

[2] In conferral over this issue, the Ceda Defendants claim that they offered to produce non-confidential copies of the disputed documents with just the pricing terms redacted (ECF No. 121 at 2). This is disputed by Plaintiffs, who state that the Ceda Defendants have not formally moved off their position that the entirety of the Agreements is confidential (ECF No. 124 at 4).

## II.  DISCUSSION

The Eleventh Circuit has recognized that "[d]iscovery is neither a public process nor typically a matter of public record," and documents collected through discovery are not to be considered "judicial records" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). "Thus, while a party may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed, the common-law right of access does not extend to information collected through discovery which is not a matter of public record." *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 1175254, at *4 (S.D. Fla. Mar. 5, 2018) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)).

Pursuant to Federal Rule of Civil Procedure 26, a court, upon motion of either party, may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P 26(c)(1)(G). However, the party making the confidential designation has the burden of demonstrating good cause if the confidential designation is challenged. *Alarm Grid, Inc. v. Alarm Club.com, Inc*., No. 17-80305-CV, 2018 WL 1175254, at *4 (S.D. Fla. Mar. 5, 2018). "In order to demonstrate 'good cause' under Rule 26(c)(1)(G), the party seeking protection must show that (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure." *Id*.

Having reviewed the Agreements and considered the Parties' arguments, the Court finds that the Ceda Defendants have appropriately designated the Agreements as confidential, at this stage of the case, under the Protective Order. The Agreements were solely produced in connection with the instant Motion and therefore, are considered discovery material not subject to the common-law right of access. *See id*. at *5 (citing *In re Alexander Grant*, 820 F.2d at 356). While

the Ceda Defendants have the burden of demonstrating good cause for the Agreements to remain confidential, the Court finds that the Ceda Defendants have met its burden with regard to the financial information contained therein. The Ceda Defendants maintain that the pricing terms contained within the Agreement constitute proprietary financial information, which could harm the Ceda Defendant's ability to negotiate similar contracts in the future, despite the Agreements being expired and the 411-PAIN entity being defunct. While the Ceda Defendants admit they do not currently participate in a referral service, similar to that offered by 411-PAIN, they claim that they still participate in advertising, and may desire to participate in another referral service in the future (ECF No. 128 at 4).

However, because the Ceda Defendants have indicated that redacting the pricing terms contained within the Agreements would render them non-confidential (ECF No. 121 at 2), redacted versions of the Agreements that conceal all financial information are not to be considered confidential. Should the non-redacted versions of the Agreements be introduced into evidence at a future date, or be relied upon in good faith in regards to a substantive motion, then the propriety of the confidential designation can be reconsidered by the Court at that time. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).

**DONE AND ORDERED** in Miami, Florida this 31st day of July, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE